CASE 70—EQUITY—DECEMBER 4, 1883.

## Ward v. Thomas.

APPEAL FROM NELSON CIRCUIT COURT.

1. The notice required to affect an antecedent creditor of a voluntary conveyance is *actual* notice.
2. Constructive notice, arising from the recording of the deed, is insufficient
3. As the mere fact of recording a voluntary conveyance is not notice of its existence to a prior creditor, that fact is not evidence to prove the time of the discovery of the fraud, but only to prove its perpetration.
4. The discovery of the fraud is not to be reckoned from the recording of the deed, but only from actual notice to the creditor of the fraud.

Ward v. Thomas.

JNO. H. WATHEN FOR APPELLANTS.

The recording of the voluntary deed of conveyance is notice to the antecedent creditor under the statute, and the statute of limitation begins to run from that time.

To hold otherwise would be holding out a premium to negligence. (Cotton v. Brown, MS. opin., March 25, 1882.)

A conveyance can not be attacked until judgment and return of ·"no property found." (Napper v. Yager, 79 Ky., 241.)

GEO. S. FULTON FOR APPELLEE.

1. A cause of action to set aside a voluntary conveyance can not accrue until a judgment and return of *nulla bona*. There is no limitation as to the time in which to obtain the judgment.

2. Before a voluntary conveyance can affect an antecedent creditor, or before the statute of limitation begins to run against the claim of such creditor, he must have actual notice of the deed. No lodgement or recording of the deed will amount to notice. (Gen. Stat., chap. 71, art. 3, sec. 2; *Ib.*, art. 4, sec. 21; Napper v. Yager, 79 Ky., 241; Martz v. Pfeiffer, 80 Ky., 600; 1 Humphrey, Tenn., 346; 37 N. Y., 657; 16 Texas, 296; Winter v. Maurea, 80 Ky.)

·CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action in equity, after a return of "no property," brought by appellee July 13th, 1882, against Michael C. Ward and wife to set aside a voluntary conveyance of two tracts of land which he caused to be made to her on 25th May, 1874. The conveyance was recorded January 7th, 1875.

The debt of appellee was due his assignor before the conveyance was made, and the evidence thereof renewed afterwards.

It appears that the conveyance had no other consideration to support it than that of love and affection.

Seven years, six months and six days had expired from the recording of the deed to the institution of this suit to vacate it, and the appellants pleaded the statute of limitations in bar of the action. Judgment having been rendered against them on that plea, they have appealed, asking a reversal on the ground that the lapse of five years from the

date the conveyance was recorded is a conclusive bar to appellee's remedy. This position is maintained on the authority of Cotton v. Brown, 3 Law Reporter, 679, in which it was held that a voluntary conveyance, having been recorded more than five years before suit, was protected by limitation. But in that case the question of discovery was not in issue, and limitation began to run from the perpetration of the fraud, which was completed as evidenced by recording the deed or legally lodging it for record.

In the present case, however, the appellants having pleaded limitation, the appellee replied that he first discovered the fraud within five years next before he commenced suit, and issue being joined on the time of discovery, the burden was upon appellee to establish its date. He introduced evidence which established the fact that *actual* notice of the conveyance came to him only a few months prior to the institution of this suit.

The appellants rely upon constructive notice, proceeding from the registration of the deed, as fixing the time of discovery upon the part of appellee. The question, therefore, is, shall constructive notice apply to antecedent creditors and prevail over actual notice in prescribing the period at which limitation begins, in favor of voluntary conveyances?

Presumptive notice of the contents of a record is based upon the peculiar policy of the law with reference to such notice which exists in certain but not in all cases. The recording of conveyances made in good faith and for a valuable consideration within the time prescribed by the registry laws, is notice to the world of their existence and recordable contents; but where the conveyance is voluntary, its registration is not constructive notice of its existence or contents to a subsequent purchaser for a valuable

Ward v. Thomas.

consideration, without actual notice.    (Winter, &c., v. Man-
nen, 4 Law Rep., 949.)    As section 2, article 1, chapter 44,
General Statutes, declares that only such purchasers *with
notice* of the voluntary alienation or charge shall be bound
by it, and that such conveyances are absolutely void as to
pre-existing debts, reason, as well as the terms of the stat-
ute, requires that the same rule should apply to existing
liabilities as to that class of purchasers, when notice is
essential·to the determination of a right in dispute between
the holder of such liabilities and the voluntary alienee.
Subsequent purchasers, because they deal with the title,
are in a better attitude to discover the conveyance than
prior creditors whose transactions have nothing to do with
the title to the land.    The purchaser, before he buys, has
some reason to look, for he is interested in having a clear
title; but the pre-existing creditor has the right to rely
upon the condition of his debtor when the debt is created;
and unless he be put upon notice, he is not bound to keep
constant watch over the public records for the voluntary
conveyances his debtor may make, else be barred by limita-
tion, regardless of the time of actual discovery or its equiv-
alent.    So we think it is clear, that from the terms and true
construction of the statute, that such conveyances do not
infect a prior creditor with notice by reason merely of their
registration.

The recording of such conveyances is important in estab-
lishing the time of the perpetration of the fraud, .but it
throws but little light of itself upon the question of discov-
ery.    It is admissible evidence on that question; and when
the manner of its execution and registration and other facts
and circumstances in the case would be sufficient to put a
person of prudent mind upon inquiry, the law declares this

to be notice, because he should have made the inquiry and will be held to have done so, whether he did or not.  (Sec. 399, Story's Eq. Jurisprudence.)   This is a species of actual notice, and does not belong to the constructive notice arising from the fact alone of recording the conveyance.   Constructive notice from such fact, where the conveyance is voluntary, arises against volunteers and subsequent creditors, and the conveyance is valid against a subsequent purchaser with actual notice, unless the conveyance, in addition to being voluntary, be actually fraudulent.

The doctrine above maintained is supported by authority and the reasonable construction of the statute, and we think it is both sound in principle and practicable in operation. (See Howard v. Todd, 1 Mar.; Willis v. Valette, 4 Met.; Mueller v. Englen, 12 Bush.)   The application of the rule of constructive notice to the classes of cases named, illustrates the force of the rule denying its enforcement against antecedent creditors and *bona fide* purchasers.

Section 6 of article 3, chapter 71, General Statutes, provides that "in actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the *discovery* of the fraud or mistake."

As the mere fact of recording a voluntary conveyance is not notice of its existence to an antecedent creditor, it must follow that that fact is not evidence sufficient to prove the time of discovery or do more than to prove the perpetration of the fraud which, as matter of law, is the time the statute begins to run in the absence of allegation and proof, by the party attacking the conveyance, that discovery was made within five years next before suit.   The remaining point then is, was the evidence sufficient to fix the discovery more than five years prior to the suit?   It fails to show

that appellee or his assignor had actual knowledge of the conveyance, or that Mrs. Ward was claiming the property, unless the collection of taxes from her by the assignor was sufficient to put him upon inquiry. It may be the land was assessed to her by the assessor, but it does not appear that the assignor, who was merely a collector of taxes, had any list of the property assessed by her or knew any thing about what she had given in to the assessor, tax collectors being furnished only with the names of taxpayers and the amounts due by each. It is therefore plain that he had no knowledge of any fact which made it his duty to examine the record, or that would have put him upon enquiry as to her claim.

There is no evidence that the appellee or his assignor had any notice that title to the land conveyed was charged, encumbered, or affected in any way by the claims of Mrs. Ward, or that they or either of them had designedly abstained from inquiry for the purpose of avoiding notice. (Jones v. Smith, 1 Hare, 43; Kent's Com., 4th vol., 171.)

They could have had no motive to avoid notice, for it was to their interest to learn of the fraudulent conveyance as soon as possible, as a failure to discover the fraud for ten years would bar their remedy. None of the facts, therefore, which are usually sufficient to put a party upon inquiry in a legal sense, are shown by this record, and we must conclude that the discovery did take place within five years next before the institution of the suit.

The judgment is therefore affirmed.