# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## APRIL TERM, 1902.

CASE 25—ACTION BY GEORGE B. NELSON AGAINST THOMAS L. SEWELL
TO QUIET TITLE—APRIL 22.

## Sewell v. Nelson.

APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  AFFIRMED.

PURCHASERS FOR VALUE—VOLUNTARY CONVEYANCE—CONSTRUCTIVE NO-
TICE—LIMITATION OF ACTION.

Held: 1. A purchaser who paid for land with worthless mining
stock was not a *bona fide* purchaser for value.
2. Under Gen. Statutes, c. 44, art. 1, section 2 (now Kentucky Stat-
utes, section 1907), declaring that a conveyance without valua-
ble consideration should be void as to existing liabilities, but
should not, on that account alone, be void, "as to purchasers with
notice of the voluntary alienation," the recording of the
voluntary conveyance was not constructive notice to a sub-
sequent purchaser for value, and his legal title, ac-
quired without actual notice of the prior voluntary conveyance,
must prevail.
3. The ten-year statute of limitations applicable to actions for re-
lief from fraud or mistake does not operate to perfect the title

(171)

of the grantee in a voluntary conveyance who has never been in possession, so as to enable him to recover the land conveyed from a subsequent purchaser for value without actual notice of his claim, as the statute, as affects property, does not apply in favor of one not in possession, nor does the plea of limitation apply against defenses. So long as a cause of action survives, the defenses to it are not barred by lapse of time.

J. J. C. BACH and JOHN E. PATRICK, for appellant.

POINTS AND AUTHORITIES.

1. Deeds—Sufficiency of Description. If, instead of containing the description of the land conveyed, the deed refers to other deeds, the description of the later deed will by such reference become a part of the former, and has the same effect as if it had been inserted in the subsequent deed. It is not necessary that the deed referred to should be recorded. Tiedeman on Real Property, 841; Norman v. Braley, 17 U. S., 278; Payten v. Heinekin, 20 U. S., 679; Phelps v. Phelps, 17 Md., 120; Allen v. Bates, 23 Mass., 460; Rupert v. Fenner, 35 Neb., 578; Ecton v. Lexington & Eastern Railway Co., 22 Law Rep., 1133.

2. Title by Estoppel. The rule is well settled in this State that if a vendor conveys land with covenants of general warranty an after acquired title inures to the benefit of his vendee. Upshaw v. McBride, 10 B. M., 202; Griffith v Hustin, etc., 7 J. J. M., 385; Logan v. Steel's Heirs, 4 Mon., 430; Logan v. Moore, 7 Dana, 76; Hulcherson's Heirs v. Coleman, etc., 2 J. J. Mar., 244; and if such vendor has made more than one conveyance, the after acquired title inures to the benefit of the first grantee. Morrison's Exr., etc. v. Caldwell, 5 Mon., 426. And where a party purchase the undivided interest of one joint tenant in a tract of land, and the interest is subsequently allotted to the tenant the title to the interest thus allotted vests in the purchaser. Hall v. Morris, etc., 13 Bush, 322.

3. Limitation. The state of limitation that bars the right to recover the possession of property, or to subject it to the payment of a debt, also perfects the title in the person of the claimant. Stanly v. Earl, 5 Littell, 282; McCracken County v. Mercantile Trust Co., 84 Ky., 344; Dorsey, etc., v. Phillips, 84 Ky., 420; Brown v. Connell, 85 Ky., 403.

4. Innocent Purchaser. (a) Where a party purchase land that at the contract price would amount to more than two thousand dollars and pays one thousand dollars of the consideration and refuses to complete the sale by paying the balance of the purchase price, but elects to stand as a creditor of his grantors and assert a lien against the land for the portion of the purchase price

Sewell v. Nelson.

so paid, and procures a sale of the land and bids in the whole for the amount so paid can not be said to be an innocent purchaser of a portion of the land that had been previously conveyed by his grantor, without his knowledge, and especially when the residue at the contract price would amount to more than the sum paid by him.

(b) Where a party undertakes to purchase several tracts of land, and pays a portion of the consideration and then fails to complete the purchase by paying the balance of the purchase price and procures a rescission of the contract and a sale of the lands purchased together with another tract not included in the original purchase he can not be said to be a purchaser of value of the additional tract when at the time of the sale there was a deed of record conveying the title of it to another party.

(c) While actual and not constructive notice of a fraudulent or voluntary conveyance must be brought home to a purchaser for value, yet, if he permits the fraudulent deed to remain ten years without action to cancel or set it aside the title to the fraudulent vendee becomes confirmed.    Brown v. Connell, 85 Ky., 403; Dorsey, etc., v. Philips, etc., 84 Ky., 420.

(d) A purchaser is estopped to deny the recitals in a deed through which he claims title.  Talbott v. Bell, 5 B. Mon., 323. See also Jones v. Jenkins, 83 Ky., 391; Marklury v. Taylor, 10 Bush, 519; Bibb v. Bibb, 17 B. M., 292; Brookover v. Hurst, 1 Met., 665; Anderson v. Meredith, 82 Ky., 564; Norris v. Norris, 9 Dana., 317; Duke v. Pigman, 23 R., 209.

NELSON & PENDLETON AND MARCUM & POLLARD, FOR APPELLEES.

The plaintiff who is in possession files a petition to quiet his title—the subsequent pleadings present the following questions of which we maintain the affirmative.

1. The deed from Patrick and wife of January 26, 1885 includes the land in contest.

2. The conveyance of February 19, 1884 of Patrick and wife to G. B. W. Sewell was a mortgage.

3. Parol evidence is admissible and competent to prove that this conveyance to G. B. W. Sewell which on its face appears to be a deed, is in fact, only a mortgage.

4. G. B. W. Sewell's deed to his brother, appellant, of January 22, 1885, passed only his interest as mortgagee, if anything.

5. Neither of these deeds were notice to Vivion and both were void for uncertainty of description.

6. The deed from G. B. W. Sewell to appellant was without consideration, and was the result of a conspiracy between the

two brothers to defraud the innocent vendee of their sister, Annie Patrick.

7. The appellant is estopped to claim title to this land after standing by and encouraging Martin Vivion to purchase it, and then for more than fifteen years acquiescing in the appellee's and his intestate's claim to, and possession of the same.

8. The appellant is estopped by the judgment, report of division, and conveyance in the partition proceedings in the Fayette circuit court subsequent to the alleged conveyance to him under which he claims title.

9. The ten years' statute of limitation relied on by counsel for appellant, does not apply where plaintiff is in the actual possession of the land and sues to quiet his title.

### AUTHORITIES CITED.

Mercer v. Blain, Littell Sel. Cases, 413; Van Meter v. McFadden, 8 B. Mon., 438; Clevis v. Fallis, 1 R., 325; Trimble v. McCormick, 12 R., 857; Newman v. Tynesson, 13 Wis., 172; Springgle v. Morrison, 3 Lit., 350; Gerault v. Anderson, 2 Bibb, 543; Barclay v. Hendricks, 3 Dana, 378; Sale v. Crutchfield, 8 Bu., 645; Ratcliff v. Bellfonte Iron Works, 87 Ky., 559; A. & E. Ency. of Law, vol. 17 (1 ed.) p. 817; Herr v. Herr, 47 Am. Dec., 416; Fenwick v. Macy, 3 Dana, 278; Howard v. Howard, 96 Ky., 445; Kentucky Statutes, sec. 2543.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Anna Patrick owned an undivided fifteenth of six tracts of land in Breathitt county, formerly belonging to her grandfather, Thomas Sewell. One of these tracts of land was called the "Town Tract," and contained about 2,400 acres. Within this tract is the land in dispute in this suit. On January 26, 1885, Anna Patrick and her husband conveyed her interest in this tract and in other lands to Martin Vivion by deed duly executed and placed of record. The sale to Vivion was through an agent, T. G. Stuart. Previous to making the deed to Vivion, Patrick and wife had delivered to one G. B. W. Sewell what appears as a deed in form, dated February 19, 1884. The proof shows that in fact this transaction was to secure a loan of $300 that day

made by G. B. W. Sewell to Mrs. Patrick. By deed dated January 25, 1885, the day before Mrs. Patrick and her husband executed the conveyance to Vivion, and while the negotiations between Vivion and Patrick and their agent, Stuart, were shown to have been in progress, G. B. W. Sewell conveyed this land to his brother, the appellant, Thomas L. Sewell, for the recited consideration of $50,000 of the capital stock of the Eastman and Short Consolidated Mining Company of the State of Colorado, whose place of business was described as being at Richmond, Ky. There was proof to the effect that before the execution of this last-named deed, and while the negotiations between Stuart and Vivion were being carried on, appellant, Thomas L. Sewell, for the purpose of inducing Vivion to buy the land, represented, in substance, that the title in Mrs. Patrick was perfect; that the land was well worth the price being paid for it, $5 per acre; that she was his sister, and generally encouraged the investment by Vivion. It was further shown by the proof that the mining stock was worthless at the time of the taking of the depositions in the case. Though afforded an opportunity to do so, appellant failed to show then that it was of any value at any time. In fact, taking the testimony of appellant, and his brother concerning the transaction out of which grew the deed of January 25th between them, we are unable to arrive at a different conclusion from that of the chancellor below, that this deed was without valuable consideration.

This contest is between Mrs. Patrick's remote vendee through the sale to Vivion and appellant, Thomas L. Sewell. Numerous questions are presented in argument, but we feel it necessary only to decide two, which, in our opinion, are conclusive of the rights of the parties in this case. The first is: It being conceded that the transaction between

Mrs. Patrick to G. B. W. Sewell was a loaning of money
and the securing of it by a mortgage which was on its face
apparently a deed, and which was subsequently paid off by
Mrs. Patrick, whether G. B. W.'s vendee without consid-
eration—that is, without such full and fair consideration
as brings him within the description of a *bona fide* purchaser
for value—will be allowed to successfully claim against
Mrs. Patrick's vendee for value, and without knowledge of
the deed to her mortgagee's vendee. The burden was upon
appellant to show that he was a purchaser for value. It
was shown that Vivion was a purchaser for value; that he
had not actual knowledge or notice of the transactions be-
tween Mrs. Patrick and G. B. W. Sewell, or the one be-
tween G. B. W. Sewell and appellant. He had thereby made
a *prima facie* case of title, and upon that was entitled to re-
cover, unless appellant could establish either that Vivion
had actual notice at the time of his purchase of appellant's
claim, or that appellant was in that attitude that gave
Vivion constructive notice of the state of the record. It
is upon the latter phase alone that appellant pretends to
have made a case. The statute in force at the time of the
execution of these deeds permitted a purchaser to have his
deed recorded within 60 days after its execution, to
have the same effect as if recorded on the day of its ex-
ecution. Section 14, c. 24, General Statutes. However,
that statute must be read in connection with section 2 of
chapter 44 of the General Statutes, which is: "Every gift,
conveyance, assignment, transfer or charge made by a debt-
or, of or upon any of his estate without valuable consider-
ation therefor, shall be void as to all his then existing lia-
bilities, but shall not, on that account alone, be void as to
creditors whose debts or demands are thereafter contracted,
nor as to purchasers with notice of the voluntary alien-

tion or charge; and though it' be adjudged to be voidas to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors·or purchasers." "Between estates equal in quality it may be assumed as a principle that those having the priority will be preferred. But when the junior equity combines with it the legal title, is free from fraud, and founded on a valuable consideration, the prior equity must yield." Taylor v. McDonald's Heirs, 2 Bibb, 422. In the early case of Gilpin v. Davis, 2 Bibb, 418, 5 Am. Dec., 622, which was a contest between two persons claiming under deeds from the same vendor, the first one of which was shown to have been fraudulent, the junior was allowed to prevail. Said the court: "If he [the holder of the junior conveyance] was a *bona fide* purchaser for valuable consideration, he was qualified, under the statute, to avoid the prior conveyances from Morgan by showing that they were made with an intent to deceive him." Section 2 of article 1 of chapter 44 of the General Statutes, above quoted, was the same as section 1907 of our present statutes. In the case of Winter v. Mannen, 81 Ky., 124 (4 R., 949), the court had occasion to consider this statute. In that case the owner had made a voluntary conveyance to his children, some of whom reconveyed to him. After his death his heirs at law sold and conveyed the land to Pepper for full consideration in money. Those of the original heirs who had not reconveyed to the father brought this action against the last vendees. The court held: "The very language of the statute implies the converse of its expressed meaning, that a purchase made with actual notice of the voluntary alienation is void, which, of course, is subject to the condition that the voluntary alienation is not in addition actually fraudulent, for then a purchaser for value with actual notice would be protected." The court held

that, although the voluntary conveyance had been duly recorded, it did not constitute constructive notice to a subsequent purchaser for value. In Ward v. Thomas, 81 Ky., 452 (5 R., 495), the court held that the recording of a voluntary conveyance was not constructive notice as against subsequent purchasers or creditors. These cases were followed in Brown v. Connell, 85 Ky., 404 (9 R., 27) 3 S. W., 794. The court said, considering the second section of chapter 44 of General Statutes: "Under the first section of the statute supra, the rule is that, if the conveyance is actually fraudulent, the subsequent purchaser for value is not affected by either constructive or actual notice of the conveyance. Under the second section the rule is that a voluntary conveyance is *prima facie* fraudulent as to a subsequent purchaser, and unless he has actual notice of the conveyance his title is perfect, and he is not affected by the fact that the voluntary conveyance is of record. Actual, and not constructive, notice must be brought home to him." Jones' Adm'r v. Jenkins, 83 Ky., 391 (7 R., 408). In Enders v. Williams, 1 Metc., 352, construing a statute not so favorable to purchasers as the statute now under consideration, it was held: "A voluntary conveyance should, however, be deemed presumptively fraudulent against a subsequent purchaser for a valuable consideration without actual notice. It should not, in our opinion, be deemed absolutely void, but the question of fraud should be left open for investigation. The subsequent sale, however, raises a strong presumption of fraud in the gift, and imposes the burden of proving that it was made *bona fide* on the person who claims under the voluntary conveyance." "Constructive notice, arising from the recording of the conveyance, is not sufficient to affect the conscience of the purchaser. Actual knowledge is necessary for this purpose."

Sewell v. Nelson.

We do not find it necessary to pass upon the question of actual fraud charged by appellee against appellant and his vendee, G. B. W. Sewell. It seems to us to be clearly settled as the law of this State that where the senior conveyance, even though recorded, was voluntary, or not based upon that adequate consideration that makes its vendee a purchaser for value, within the contemplation of law, the subsequent purchaser for actual and sufficient value is not required to take constructive notice of the first conveyance, but, as against it, his equity and legal title will prevail.

It is claimed by appellant that the deed from Patrick to Vivion did not embrace the land in controversy. The description in that deed, so far as it affects the land in controversy, is this: "One tract lying on the waters of the Kentucky river, in said county, above and below the town of Jackson, known as the 'Town Tract' of the Sewell estate, and containing 2,400 acres." It was shown that town tract, as mentioned in this deed, embraced all of the land of Sewell in that immediate locality, and which was described in the commissioner's report to partition the estate of Sewell as being one tract adjoining the town of Jackson, and containing about 2,500 acres. This tract was divided into two tracts, one of which was subsequently designated as the "Town Tract," containing 1,018 acres, and the other containing 1,482 acres. We are satisfied from the evidence and exhibits in this case that the deed to Vivion was intended to and did embrace the land in contest.

The other legal question presented by this appeal is whether appellant is protected by the statutes of limitation. Appellee was in possession at the time of the bringing of this suit, and had been for five or six years before. Appellant had never been in possession of the land. Appellee brought the suit to quiet his title against appellant's claim,

appellee asserting title for himself. Appellant set up his claim under the deed from G. B. W. Sewell. Appellee, replying, sought to avoid the effect of this deed by showing that it was fraudulent and voluntary. Appellant pleaded that this deed had been made in 1884, and that, as more than 10 years had elapsed from that time before the filing of the suit, the statutes of limitation against relief, when based upon fraud or mistake, operated to perfect his title. The argument is a novel one. It is that one out of possession, claiming a right to possession under a fraudulent and void conveyance it may be, can have such conveyance ripened by time into a perfect one; that it may sustain an action of ejectment against one originally having the better title and in possession. The position is fallacious. The statutes of limitation do not apply (as respects property) to any one not in possession. The plea is a defense toward maintaining the *status quo*. A mere claim, for whatever time, unaccompanied by actual possession, can give no right under the statute.

The judgment of the circuit court was to the effect that appellee, under the Vivion deed, took the better title, and that judgment is affirmed.