## Vanover, et al. v. Maggard.

(Decided March 6, 1914.)

### Appeal from Leslie Circuit Court.

1. Deeds—Mutilated Unrecorded Deed—Action to Compel Heirs-at-Law of Vendor of Land to Execute Deed in Lieu of to Vendees.—In an action by the grantees of a vendee of land, to compel the heirs-at-law of the latter's vendor to execute to them a deed to the land, in lieu of a mutilated, unrecorded deed which he had made to his vendee; held, that while it may not have been proper for the circuit court to rest the judgment granting the plaintiffs the relief asked upon the mutilated deed alone, what was shown by the deed, together with the facts that it was found among the papers of the vendee after his death; that he became claimant of the land from the date of the instrument; that he placed his sons, the plaintiffs, in possession of the land in 1875 and by deed conveyed to them in 1896; that they have had the continuous actual adverse possession of the land since 1875, furnished, as a whole, sufficient evidence of their right to the land and entitled them to a decree quieting their title to and possession thereof.

2. Judgment—Harmless Error.—Whether the judgment should have gone farther than to declare the plaintiffs' ownership of the land and quiet their title to and possession thereof, is not deemed necessary to decide on appeal, as the fact that the relief it granted also went to the extent of compelling the defendants to execute a deed, through the commissioner, did not prejudice any substantial right of the latter. If the court erred in compelling the execution of the deed, it is harmless error, which will not justify a reversal of the judgment.

3. **Limitation—Not a Bar to the Correction of a Deed.**—The statute of limitations of ten years is not a bar to the correction of a deed or the enforcement of its execution, where the vendees have, from the time of the purchase of the land, contin10usly remained in the possession thereof.

J. M. BICKNELL for appellant.

CLEON K. CALVERT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by the appellees, Israel Maggard and W. J. Maggard, against the appellants, Elijah Vanover, Joseph Vanover and Polly Caudill, children and heirs at law of William Vanover, deceased, to compel the latter to convey them by proper deed a two hundred acre tract of land lying on the waters of Cutshin creek on the Middle Fork of the Kentucky river, in Leslie county, the boundary of which is set forth in the petition; it being therein alleged that a patent embracing this land was issued by the Commonwealth to William Vanover February 21, 1871, who on the 4th of July, 1874, sold and by deed conveyed the land to John Maggard, Jr., appellees' father; that the latter by deed, of April 6, 1896, conveyed the same land to appellees and their brother, Joseph Maggard, as an advancement to them out of his estate, and that Joseph Maggard by deed of October 26, 1896, sold and conveyed his undivided one-third interest in the land to the appellee, W. J. Maggard, which made W. J. Maggard the owner of two-thirds of the land, the remaining one-third being owned by the appellee Israel Maggard. That the deed from John Maggard, Jr., to the appellees and Joseph Maggard and that from Joseph Maggard to the appellee W. J. Maggard, after being duly acknowledged by the grantors, were put to record in the office of the clerk of the Leslie county court; but the deed made by William Vanover to John Maggard, Jr., was never recorded.

The petition contains the following averments with respect to the alleged deed from William Vanover to John Maggard, Jr.: "Which deed of conveyance was so executed and delivered in the presence of divers witnesses and was acknowledged by the said Vanover in Perry County, Kentucky, (in which the land was then situated), and before James C. Brewer, a deputy clerk of the county court in and for said county. * * * * The

plaintiffs say that by some oversight on his part, the said John Maggard, Jr., neglected to lodge said deed of conveyance for record and neglected to have same recorded in the proper office and mislaid same among various unimportant papers, whereby same became so torn and mutilated as to prevent its recordation, whereby the title to said land now appears to be defective in this, to-wit: There is no conveyance of record from the said William Vanover to the said John Maggard, Jr., or any other person for said land."

It is further alleged in the petition that William Vanover, at the time of the sale and conveyance of the land to John Maggard, Jr., namely, July 4, 1874, delivered to the latter the deed then executed by him and the actual possession of the land; and that the land has ever since been in the actual adverse possession of John Maggard Jr., and the appellees as his grantees; he and they all the while claiming the title and having such actual adverse possession to the extent of the boundary of the patent to William Vanover, which boundary is well marked and defined; and that such possession on their part to the patent boundary has continued more than fifteen and as much as forty years.

The petition closed with the following prayer: "Wherefore, the premises considered, the plaintiffs, Israel Maggard and W. J. Maggard, pray that by a judgment of this court duly rendered and entered of record the defendants, Elijah Vanover, Joseph Vanover and Polly Caudill, be directed to execute a deed of conveyance to the plaintiffs conveying to them the tract of land described in this petition. And further, they pray that if the defendants refuse to comply with such order, the court at a time set might direct that its master commissioner execute such deed for the defendants and deliver it to the plaintiffs." Appellants by joint and separate answer traversed the averments of the petition; and by an amended answer alleged that as more than ten years and as much as fifteen years had elapsed between the date of the execution and delivery of the alleged deed from William Vanover to John Maggard, Jr., and the institution of appellees' action, their right to the relief sought by them is barred by the statute of limitations, which was formally pleaded. The affirmative matter of the amended answer was controverted by reply.

The widow of Wm. Vanover, who admittedly did not unite with her husband in the alleged deed made by the

latter to John Maggard, Jr., before the institution of this action, for a valuable consideration and by a proper deed, conveyed appellees her dower in the land.

By the judgment rendered, appellees were granted the relief prayed and the appellants having failed to execute and deliver to them the required deed within the time, fixed by the judgment, the court, by a supplementary judgment entered at the same term, directed the Master Commissioner to make and execute, for and on behalf of appellants, a deed conveying to appellees the land in controversy. The deed was made and acknowledged by the Master Commissioner as directed by the judgment and duly approved by the court. Appellants complain of the judgment, hence this appeal.

The only evidence appearing in the record was introduced by the appellees. It consists of the patent issued February 21, 1871, by the Commonwealth of Kentucky to William Vanover; the writing of date July 4, 1874, purporting to be a deed from William Vanover to John Maggard, Jr., the deed of April 6, 1896, from John Maggard, Jr., to his three sons, Joseph Maggard and the appellees, Israel Maggard and W. J. Maggard; and the deed of October 26, 1896, from Joseph Maggard to W. J. Maggard. Also the depositions of Israel Maggard, O. J. Conley and Reuben Maggard. The writing claimed by appellants to be a deed from William Vanover to John Maggard is here copied in the opinion in its mutilated condition, or as nearly so as it can be reproduced.

"State of Kentucky, Perry County. This indenture, made this 4th day of July in the year 1874, by and between William Vanover of the one part, and John Maggard, Jr., of the other part, both of the County of Perry, and the State of Kentucky, witnesseth that I, William Vanover, have this day for and in consideration of the sum of $100.00 eighty-seven dollars to me in hand paid the receipt whereof is hereby acknowledged, bargained, sold and conveyed, and by these presents do grant, bargain, sell, and convey unto the said John Maggard, Jr., a certain tract or parcel of land containing two hundred acres more or less by survey, situate lying and being in the county of Perry & state of Ky. and on the waters, of Cutshin waters of the Middle fork of the Ky. river and bounded as followeth to (wit) Beginning on a beech & Cucumber, thence running with the calls of the patent for the same so as to include all the land that sd patent

holds being two hundred acres more or less, including
all the above tract or parcel of land with its appurte-
nances to have and to hold the said tract or parcel of land
with its appurtenances to the sd John Maggard Jr. and
his heirs or assigns forever, and I bind myself, my heirs,
&c., to warrant and defend the title to the same to the
John Maggard Jr. & his or assigns forever,
whereof I have herunto
signed my name, this
Witnesses Ja"

The lower right-hand corner, containing the name of
the grantor and those of the witnesses to his signature,
seems to have been severed from the instrument and was
absent when it was found among the papers of the gran-
tee, John Maggard, Jr. It appears from the evidence
that the entire instrument is in the hand-writing of James
C. Brewer, who was then living and a man of affairs in
Perry county. The evidence leaves no doubt of the fact
that the instrument was found among the papers of John
Maggard, Jr., after his death; that it was patched to-
gether in its present form after being so found, and in
its mutilated condition could not, of course, be recorded.
William Vanover, immediately after the date of this
deed, removed to the State of Arkansas, where he a few
years later died, leaving surviving him his widow and
the appellants, his three children. It appears from the
deposition of the appellee, Israel Maggard that he was
present when this deed was delivered by William Van-
over to his father, John Maggard, Jr., and that he saw
his father pay Vanover the $187.00 mentioned in the
deed as the consideration for the land. This statement
of Israel Maggard was, however, excluded by the court
as incompetent, and, we think, properly so, as section 606,
subsection 2, Civil Code, prevented Israel Maggard, who
is claiming under the deed, from testifying in his own
interest as to the transaction between his father and
William Vanover, who was dead at the time of the giving
of his deposition. Alexander v. Alford, 89 Ky., 105; Mul-
ligan v. Mulligan, 15 R., 609; Andrew v. Hayden, 88 Ky.,
455. But as this inhibition applies only to verbal state-
ments of or transactions with or acts done or omitted
by the decedent, it did not exclude Israel Maggard from
testifying in his own behalf as to the facts that do not
appear to have been within the knowledge of the dece-
dent, Hunter v. March, 2 R., 240. Therefore, his testi-

mony as to his father's placing him in possession of the
land in 1875, and as to his continued subsequent posses-
sion thereof was competent because these were facts
nev er within the knowledge of the decedent, as they oc-
curred after his alleged sale of the land, following his
removal to Arkansas, and, in the main, after his death.

It is abundantly shown by the evidence appearing
in the record that John Maggard, Jr., became the claim-
ant and ostensible owner of the land about the date of
the instrument claimed to have been executed to him by
William Vanover; and that in 1875, the year following
its date, he placed his son, the appellee, Israel Maggard,
in the actual possession of the land in controversy and
that the latter has continuously lived upon, controlled
and cultivated it since he moved upon it by his father's
direction in 1875; that in 1896 the father, John Maggard,
Jr., made a division of his lands among his children and
by deed conveyed this land to the appellees, Israel and
W. J. Maggard, and their brother, Joseph Maggard;
Joseph's interest being thereafter conveyed by deed to
W. J. Maggard.

It also appears from the uncontradicted testimony of
O. J. Conley, a surveyor, that the land in controversy is
the same described in the patent from the Commonwealth
to William Vanover, of February 21, 1871, and in the
mutilated instrument of July 4, 1874, claimed to have
been executed by William Vanover to John Maggard, Jr.

It further appears from the evidence that the appel-
lants, the children and only heirs at law of William Van-
over, deceased, though living within a few miles of the
land in controversy ever since the death of their father,
William Vanover, have never set up claim thereto, nor
questioned appellees' ownership thereof, until the latter
brought this suit to compel of them the execution of a
deed of conveyance to the land in lieu of the mutilated un-
recorded instrument claimed to have been given by Wil-
liam Vanover to John Maggard, Jr., July 4, 1874.

So, while it is not apparent that the judgment grant-
ing appellees the relief prayed could have been rested
alone upon the mutilated writing of July 3, 1874, what is
shown by the writing, together with the facts that it was
found among the papers of John Maggard, Jr., after his
death; that he became the claimant of the land from the
date it bears; that he placed his son, the appellee, Israel
Maggard, in possession of the land in 1875 and conveyed
it to the latter and his brothers in 1896; that appellees, or

Israel Maggard, one of them, since 1875 have had and held the actual continuous possession of the land, claiming and controlling it to the extent of the boundary of the Vanover patent, adversely to appellants and all others, down to the institution of this action; and that during all these years their ownership of the land has not been denied. by appellants or their possession thereof interfered with by them, furnished, as a whole, sufficient evidence of their right to the land and entitled them to a decree quieting their title and possession. Whether the judgment should have gone farther than to declare appellees' ownership of the land and quiet their title to and possession of same, it is not necessary to decide, as the fact that the relief it granted also went to the extent of compelling appellants to execute to them a deed through the commissioner, can in no way be said to have prejudiced any substantial right of the appellants. If the court erred in that matter, it is harmless error, which will not justify a reversal of the judgment.

Appellants are in error in insisting that appellees' right to the relief sought by them is barred by the statute of limitations, as appellees' continuous, actual, adverse possession of the land prevented the running of the statute; for limitation is not a bar to the correction of a deed or the enforcement of its execution, where the vendees entitled to the deed have, from the time of the purchase of the land, remained in the possession thereof. Section 2543, Kentucky Statutes; Hill v. Clark, 32 R., 595; Potter v. Benge, 24 R., 24; Sewell v. Nelson, 113 Ky., 171.

Wherefore, the judgment is affirmed.