## International Shoe Company v. Bowling, et al.

## The Patton Company v. Same.

(Decided January 25, 1924.)

### Appeals from Leslie Circuit Court.

1. Fraudulent Conveyances—Status of Buyer Governed by Knowledge at Time of Payment of Consideration.—Whether buyer of stock of goods, sold contrary to Ky. Stats., section 1906, was innocent purchaser, was governed by his knowledge at the time he parted with or paid consideration, and not by his knowlerge at the time of entering into a contract to purchase, unless his check for part of the purchase price given at the time of entering into the contract was intended to be an irrevocable payment, which was not the case where he stopped payment and afterwards paid its amount in cash.

2. Fraudulent Conveyances—Conveyance May be Attacked Notwithstanding Valuable Consideration.—A conveyance in fraud of creditors may be attacked and set aside under Ky. Stats., section 1906, notwithstanding there was a valuable consideration if the vendee knew of the fraudulent intention of his vendor at the time of the conveyance or the payment of the consideration.

3.  Fraudulent Conveyances—Burden of Proof on Purchaser to Show Good Faith.—Where suits were pending against seller of stock of goods and attachments were levied thereon at time of sale, the burden was cast on purchaser, in action wherein the conveyance was claimed to be fraudulent, to show the absence of fraudulent motive on the part of his vendor and the absence of his knowledge thereof.

M. C. BEGELY for appellants.

L. D. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion for appeals, granting appeals and reversing the judgment in each case.

T. T. Bowling was a country merchant doing business in Leslie county. He became indebted to a number of wholesale merchants in an aggregate amount perhaps equal to or greater than his assets. Some of them on January 7 and 8, 1920, filed suits in the Leslie circuit court and procured attachments against Bowling, their creditor, and had them levied on his stock of goods and his storehouse and a small tract of land upon which it stood, and also on another tract of land in another county. After the levying of those attachments, the sheriff closed the store and locked it. On the 27th day of January, following the levy of those attachments on the storehouse and lot, Bowling, the creditor, deeded that property to the appellee and defendant below, L. C. Johnson, for the nominal consideration of $675.00, which is recited in the deed to be "cash in hand paid." On the 7th day of the following April (1920), appellant, International Shoe Company, filed this equity action in the Leslie circuit court to recover its debt against Bowling amounting to $298.14, and in its petition it attacked the deed to Johnson of date January 27, 1920, as having been executed in fraud of the creditors of the grantor, Bowling, and that the grantee, Johnson, had knowledge of his grantor's fraudulent intent and participated therein. There was also an attachment procured which was levied on that and other property of the creditor. On the next day, April 8, the appellant, the Patton Company, filed a similar suit and sought to collect its debt against Bowling amounting to $219.74. The creditor made no defense to either of the actions, but the defendant, Johnson, filed an answer denying the fraudulent transfer of the storehouse

and lot to him and alleged that he purchased the property in good faith in the usual course of business and paid therefor a sufficient and valuable consideration. In another paragraph he pleaded that the property was exempt to his vendor as a housekeeper with a family, and was not therefore subject to be appropriated to the debts sued on, and by reason of which he obtained an unassailable title.

All affirmative allegations of the answer were denied and upon submission the court dismissed the petitions and plaintiffs have filed a transcript of the record in this court and entered motion for an appeal in each case. The only testimony offered by plaintiffs was that given by the clerk of the Leslie circuit court showing the pendency therein of the various suits against Bowling at the time of the execution of the deed and the levying of the attachments upon his property. Bowling did not testify, but Johnson in his deposition said that he entered into a verbal contract for the purchase of the storehouse and lot somewhere near the first of January, 1920, and, as he states, before the attachments were obtained on January 7 and 8, under which the property was levied on and the storehouse locked by the sheriff; that at the time, he assumed the payment of a $200.00 debt of his vendor, representing the amount of a mortgage upon the property and which he afterwards paid; that he gave a check to Bowling for the balance of the consideration of $475.00, but within a short time thereafter he learned that Bowling was in trouble with his creditors and that the property had been levied on under the attachments sued out on January 7 and 8, and he thereupon instructed the bank not to cash his check, which instruction it obeyed; that afterwards, and on January 27, he met Bowling and took from him the deed to the property and at the same time paid to him in cash $475.00, although at that time the storehouse was still locked, and it and the lot upon which it stood were levied on under the attachments, *supra,* all of which facts defendant then knew. There was no testimony upon the issue as to the property being exempt. On the contrary, it appears from the record that the debtor did not reside upon that property, and it is doubtful if that defense could be sustained if that issue had been duly prosecuted, but which was not done. So that, the only question to be determined is, whether the proof was sufficient to authorize the granting of the relief sought by the petitions.

We are not informed by anything appearing in the record as to the reasons actuating the court in dismissing the petitions, but it is said in brief for appellees that the proof was insufficient to show fraud on the part of Bowling, or if so that it did not show any participation therein by Johnson, and, since he paid a valuable consideration for the property, the deed as to him is not subject to the attack made and that the court properly dismissed the petitions. Simplified, the contention is that Johnson was an innocent purchaser for a valuable consideration, and for that reason entitled to hold the property under his deed as against plaintiffs or any creditors of his vendor. We do not find ourselves, however, able to agree with that contention. It may be that at the time of the verbal contract of purchase the defendant, Johnson, had no knowledge of Bowling's indebtedness, nor of any intention on his part to defraud his creditors; but, according to his own testimony, he learned, before he paid any part of the consideration except the $200.00 to discharge the mortgage on the property, that Bowling was insolvent and greatly indebted to various wholesale merchants, some of whom had actually attached the property, not only before the deed was made but before the payment of the $475.00, and because of that fact he directed the bank upon which the check was given to not honor it, and after then and without any change in the conditions he claims to have paid that amount to Johnson in cash, though he took no receipt or, if he did, he failed to exhibit it at the trial. His rights and status are to be governed by his knowledge at the time he parted with or paid the consideration and not by his knowledge at the time of entering into the contract of purchase, unless the check given by him at the time, when he claims he had no such knowledge, was intended to be and was an irrevocable payment, but which was evidently untrue, since he procured the bank upon which it was given to not cash it, and afterwards paid its amount in cash to his vendor. The check, having been revoked, destroyed whatever effect it may have had as an instrument of irrevocable payment and left the parties in the same condition as if no payment had ever been made. We think that there can be no doubt but that Johnson knew the exact situation as well as the intention and purpose of his vendor, Bowling, when he paid to the latter the $475.00, in cash, if indeed he ever made such payment, which to our minds is extremely doubtful, since, as we

have stated, he took no receipt therefor, nor did he at the trial introduce Bowling to corroborate that fact or to sustain him in any part of his defense. There are many cases from this and other courts sustaining the above conclusions, but one directly in point is Carter & Company v. Richardson & Company, 22 Ky. L. R. 1204.

In the case of Willis v. Vallette, 4 Met., bottom page 167, star page 186, the court announced the familiar rule that ''Whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding.'' To the same effect is 20 Cyc. 481; Summers v. Taylor, 80 Ky. 429; Lain v. Morton, 23 Ky. L. R. 438; the Carter case, *supra,* and numbers of other later ones in this court. Under that rule, Johnson, at the time he paid the $475.00 and took his deed, was in possession of facts, which if duly investigated, would have revealed to him the evident intent and purpose of Bowling in making the sale, if indeed he did not already possess that information at the time.

The fact that he claims to be a purchaser for a valuable consideration furnishes no defense to the relief sought in the instant cases, since, as we have found, he paid that consideration after he had notice and knowledge of the fraudulent intent of his vendor. The statute (section 1906) expressly condemns such transactions and stamps them as void as against creditors, purchasers and other interested persons, when the transaction is a voluntary one, or when it is for a valuable consideration, if the fraudulent vendee at the time had notice of the fraudulent intent of his vendor; and this court, in a long list of cases, has held that the conveyances may be attacked and set aside, notwithstanding there was a valuable consideration, if the vendee knew of the fraudulent intention of his vendor at the time of the conveyance or at the time of the payment of the consideration. Some of the cases so holding are: Huffman v. Leslie, 23 Ky. L. R. 1981; Walters v. Akers, 31 Ky. L. R. 259; Interstate Petroleum Co. v. Farris, 159 Ky. 820; McDonough v. McGowan, 165 Ky. 425, and the Summers and Carter cases, *supra.* The McDonough case also holds that a conveyance by one, wherein there is pending an action for the recovery of money, is a badge of fraud which shifts the burden to the vendee to show the *bona fides* of the trans-

action so far as he is concerned. In the cases now before us, there were not only suits pending to recover money against Bowling but the very property involved as well as all other owned by him was attached; and defendant, Johnson, did not sustain the burden cast on him to show the absence of fraudulent motive on the part of his vendor, Bowling, and the want of his knowledge thereof. We, therefore, conclude that the court erred in dismissing the petitions and in adjudging, in effect, that Johnson was a *bona fide* purchaser for a valuable consideration.

It was stipulated in the case that Johnson might be subrogated to the right of the mortgagor of the attached property to the extent of $200.00, and the judgment to be rendered pursuant to the mandate should direct that amount paid to him. Wherefore, the motion for the appeals is granted and the judgment in each case is reversed, with directions to sustain the attachments and to cancel the deed from Bowling to Johnson of date January 27, 1920, and to enter an order directing the property to be sold in satisfaction of the judgments, but that $200.00 of the proceeds be first paid to Johnson under his subrogated right to the mortgagee of the property, and for further proceedings consistent with this opinion.