## Chrisman v. Greer et al.

(Decided June 2, 1931.)

CHILDERS & BOWLES for appellant.

W. W. BARRETT and O. M. GOFF for appellees.

Opinion of the Court by Judge Willis—Reversing.

This case is a companion to Chrisman, Trustee, v. Andy Greer et al., 39 S. W. (2d) —, this day decided, but the facts are so different that a separate opinion is necessary to the proper disposition of the questions presented.

The trustee in bankruptcy of Willie Greer attacked as fraudulent two deeds made on December 11, 1929, by the bankrupt to his brother Joe N. Greer. The consideration recited in each deed was "$1,500 cash in hand paid, receipt of which is hereby acknowledged." The petition alleged that the deeds were executed at a time when Willie Greer was hopelessly insolvent; that creditors were pressing him for payment; that the conveyances were made without present, or any consideration, and with intent to defraud the creditors. It was averred that Joe N. Greer was a party to the fraud and was aware of the circumstances. Willie Greer was adjudicated a bankrupt within thirty days after the deeds were recorded. The answer admitted the execution of the deeds, but denied the allegations of fact respecting fraud and collusion. It affirmatively pleaded that Joe N. Greer was a creditor of Willie Greer, but had paid the fair cash value for the property, and the money was applied by Willie Greer to the payment of his debts. The circuit court upheld the deeds, and the trustee in bankruptcy has appealed. A large amount of evidence was taken, but the facts ultimately proven may be quickly stated.

Willie Greer was involved in debt and unable to satisfy his creditors, although he was making an effort to do so. An order of attachment had been levied upon one of his stores. When he executed the deeds to Joe N. Greer, he was given two checks, one for $1,215 and one for $1,035, and a third check for $750 was given to Dixie Greer, wife of Willie Greer, who exacted that concession as a condition of her consent to the transfer. The checks were drawn upon banks in Prestonsburg and Allen, but neither of the checks was presented for payment. Joe N. Greer testified in February, 1930, that he could not say whether the checks had been paid. In fact he had not paid the checks, although he had made some payments thereon. Willie Greer testified that he had not presented the checks to the banks, but "had got his money out of them," and had paid it to various credi-

tors. The $1,035 check was produced, and on the back thereof appeared the following notations: "December 14, 1929, credit by cash $772.50; January 1, 1930, credit by cash and check $262.50." There can be no doubt that Joe N. Greer had notice of all the facts when these payments were made. Andy Greer testified that Willie Greer got him to cash the $1,215 check; the money being used to pay certain debts for Willie Greer. The date of the transaction does not appear.

It is a well-settled rule that in order to become a bona fide purchaser of the property of a failing debtor, the purchase must be made in fact and the consideration actually paid, without notice of the fraudulent purpose of the debtor. Carter v. Richardson, 60 S. W. 397, 22 Ky. Law Rep. 1204; Burgroff v. Bagby, 32 S. W. 940, 17 Ky. Law Rep. 820; Rader et al. v. Shaffer, 186 Ky. 802, 218 S. W. 292; Buchanan v. Boyd, 135 Ky. 94, 121 S. W. 981; Deskins v. Big Sandy Co., 121 Ky. 601, 89 S. W. 695, 28 Ky. Law Rep. 565; Sewell v. Nelson, 113 Ky. 171, 67 S. W. 985, 23 Ky. Law Rep. 2438; Kentucky River Coal Corp. v. Sumner, 195 Ky. 119, 241 S. W. 820; Ringo v. McFarland, 232 Ky. 622, 24 S. W. (2d) 265; International Shoe Co. v. Bowling, 201 Ky. 690, 258 S. W. 113.

In this case Willie Greer was in failing circumstances, an order of attachment had been levied upon one of his stores, and it is a fair deduction from the evidence that the transaction was intended to frustrate, delay, and defraud the creditors. The deed recited payment of a cash consideration, which turned out to be untrue, and that of itself was a badge of fraud. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992; Ball v. Brown-Ross Shoe Co., 186 Ky. 254, 216 S. W. 612; Griggs v. Crane's Trustee, 179 Ky. 48, 200 S. W. 317; Allen v. Ligon, 175 Ky. 773, 194 S. W. 1050; Dotson v. People's Bank, 234 Ky. 138, 27 S. W. (2d) 673.

The case presents conveyances of his land by a debtor under severe financial stress, with suits pending against him and orders of attachment levied upon his store. The grantee in the conveyances was a brother of the grantor, which imposed upon the former the burden of demonstrating the bona fides of the deal; and in addition we find a false recital as to the payment of the consideration in cash, when in truth the grantee gave checks which he was not prepared to pay and had not paid when the bankruptcy of the grantor intervened. The payments subsequently made on the checks were made with

knowledge of the situation, and we are constrained to the conclusion that the circuit court erred in dismissing the action. The trustee was entitled to have the deeds to Joe N. Greer canceled in accordance with the prayer of his petition.

The judgment is reversed for proceedings consistent with this opinion.