## Walker v. Butt & Hardin.

Oct. 8, 1940.

L. L. Hindman, Judge.

Hester & Stahr for appellant.

Steve Wiley for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Mrs. Annie Walker is appealing from a judgment rendered at the May, 1938, term of the Fulton circuit court in favor of the appellees, plaintiffs below, in which it was declared that a conveyance of certain real estate made to her by her husband, J. K. Walker on January 13, 1933, was in violation of Section 1907 of the Statutes, and therefore void. The judgment further provided that the property remained subject to the debts of J. K. Walker, and that the appellees, by virtue of an action which was instituted by them against Walker on January 10, 1933, had obtained a lien against said property for the satisfaction of their debt.

It is urged by the appellant that at most the conveyance was a preferential one and should have been so treated; that it was not fraudulent; and that the burden of proof was upon the appellees, since they attacked the conveyance.

For several years prior to the time of the conveyance Mrs. Walker had been living in New Mexico because of her health. Her husband operated a grocery and meat market in Fulton. He had become indebted to the appellees, and, as indicated above, they had brought suit to collect the amounts owing them—some $1,750. While there is some proof that Walker was solvent in 1933, we have no hesitancy in saying that the record shows that he was considerably involved financially at the beginning of that year. The property in question was mortgaged to the City National Bank for approximately $2,200. It is agreed that in 1933 the property was not worth more than $2,000. Mrs. Walker was to assume the mortgage to the bank. Summons was issued on Walker on January 11, 1933, the day after the first action was filed, and the deed toward which the present action is directed was executed to Mrs. Walker on January 19, 1933.

While the appellees insist that certain phases of the evidence leading up to the conveyance, which phases

relate to the domestic affairs of Mr. and Mrs. Walker, are incompetent, we deem it unnecessary to discuss this question, since we are of the opinion that the finding of the chancellor that the conveyance should be set aside should not be disturbed.

Mrs. Walker returned to Fulton county shortly after the death of her son and after the institution of the aforementioned proceeding against her husband in 1933. She found her husband with another woman and within a few days thereafter went to consult an attorney. She and her husband testified that he was indebted to her in the amount of $4,500. Mrs. Walker's version of the trip to see the attorney was that she was trying to find out how she could best collect what was owing her by her husband. Her brother testified, however, that her attorney told her "to come up here and get together on some kind of agreement. She was asking for advice—what she could do."

The circumstances surrounding Walker's alleged indebtedness to his wife are as follows: Mrs. Walker's father conveyed a piece of property to them jointly, the purchase price being $4,500. Mr. Walker paid $2,500. It is insisted that the remaining $2,000 was a gift to Mrs. Walker and that her husband still owes her that amount; Mr. Walker used $1,000 of his wife's money which she had received from the sale of chickens and turkeys over a period of some 18 years; Mr. Walker had sold $500 worth of personal property belonging to his wife and appropriated the proceeds to his own use. The property was given Mrs. Walker by her father some 40 years ago. Mrs. Walker had collected $500 on an insurance policy in New Mexico and had sent the money in cash to her husband by her daughter.

The foregoing circumstances surrounding the conveyance under attack and the nature of Mrs. Walker's claims against her husband are such that we have no hesitancy in saying that it became incumbent upon her to support the conveyance. Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050. See, also, Farmers' Bank & Trust Co. v. Peters, 226 Ky. 403, 11 S. W. (2d) 103; Chrisman v. Greer, 239 Ky. 378, 39 S. W. (2d) 678; Coy v. Pursifull, 249 Ky. 57, 60 S. W. (2d) 93; Springfield State Bank v. Kelly, 267 Ky. 595, 102 S. W. (2d) 360. This she failed to do. But if the conveyance be looked upon as not

fraudulent, but one without valuable consideration, Section 1907 of the Statutes, we are likewise of the opinion that the circumstances surrounding the conveyance warrant the finding of the chancellor.

Mrs. Walker assumed an obligation to pay a $2,200 indebtedness on the property admittedly worth not more than $2,000, when she was claiming that her husband owed her $4,500. Had she paid off the indebtedness to the bank, there might be some grounds for insisting upon the good faith of the transaction, but the record shows that J. K. Walker paid off the indebtedness. While there is some testimony that some of the rental money from the property after 1933 was paid directly to Mrs. Walker, most of it seems to have been paid to her husband. The Walkers testified, of course, that he was acting as his wife's agent in looking after the property and collecting the rents. Nevertheless, the property was listed for taxes in his name. He also testified that all of the rental money was sent to Mrs. Walker other than that necessary to keep the property in good repair. One lease executed in the latter part of 1936, and shortly before the bank's claim was satisfied, was signed by both of the Walkers. Even thereafter, at least a part of the rental money was paid to Mr. Walker.

Wherefore, for the reasons given herein, we think the judgment should be, and it is, affirmed.