## Ewing, et al. v. Milliken, Extx.

(Decided June 11, 1912.)

### Appeal from Warren Circuit Court.

1. Deeds—Construction of.—A deed conveying land to E. and her children, invested E. with the life estate and her children with the remainder.

2. Fraudulent Conveyances.—Where land was conveyed to the mother and her children in 1881, and in 1909 the children conveyed all their interest to their mother for the reason as stated in the conveyance that the mother had paid the purchase price for the land and by mistake the deed was made to the mother and children when it should have been made to the mother alone, the conveyance by the children was fraudulent as to a creditor who had obtained a judgment against the children in 1909 shortly before the conveyance was made.

T. W. and R. C. P. THOMAS for appellants.

SIMS & RODES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1909 a judgment was rendered by the Warren Circuit Court in favor of appellee, Mrs. Milliken, as executrix against Kate, Hampton, Bena and Ida Ewing, children of Laura H. Ewing, for $326.50, with interest from October, 1905. On July 7, 1909, an execution issued on this judgment, and on the same day it was placed in the hands of the sheriff for execution, and on August 25, 1909, it was returned "No property found." On August 28, 1909, another execution issued, and in September by the direction of the attorneys for Mrs. Milliken it was levied upon "the undivided one-sixth interest of Kate, Hampton, Bena and Ida Ewing in and to 42 acres of land." Thereafter, in September, 1909, the interest levied on was sold and purchased by Mrs. Milliken for the amount of her debt, interest and cost. In October, 1909, Mrs. Milliken brought the suit we are now considering against Kate, Hampton, Bena and Ida Ewing and Laura H. Ewing, in which after setting out the levy and sale of the property mentioned under the execution, she averred that on July 13, 1909, and while the execution issued in July was in the hands of the sheriff, the execution defendants conveyed to their mother, Laura H. Ewing, the tract of land upon which the execution had been

levied. It was further averred that this conveyance to Laura H. Ewing by her children was made for the purpose of cheating and delaying Mrs. Milliken in the collection of her judgment and it was asked that the deed made to Laura H. Ewing by her children be set aside and canceled in so far as it might be necessary to enable her to collect her judgment debt out of the land. To this petition the defendants, including Laura H. Ewing, filed an answer, in which they set up in substance that Laura H. Ewing was the owner of the 42 acres of land upon a part of which the execution was levied, and which was sought to be subjected to the satisfaction of the judgment. That this land was bought by her in 1881 from John Feller and paid for out of money received by her from the estate of her father, Phineas Hampton, and that against her consent the deed made by Feller conveyed the land to "Laura H. Ewing, Alice, Virginia and F. M. Ewing, and such other children as may be hereafter born to the said Laura H. Ewing and C. S. Ewing; and in the event of the death of any of them the interest of the one dying to go to and be held by the survivors equally." They averred that in so far as the deed from Feller attempted to convey any interest in the property to the children it was the result of mistake and oversight and a fraud upon her rights. They further averred that the deed made to Laura H. Ewing in July, 1909, by her children and attacked by Mrs. Milliken as fraudulent, was made for the purpose of carrying into effect the original trade or contract by which Feller conveyed the land in 1881 to Laura H. Ewing and her children in place of conveying it to her alone.

Other pleadings were filed, forming an issue, and after the case had been prepared for hearing, it was submitted and a judgment entered adjudging "that the deed from Kate Ewing, and others, to Laura H. Ewing of date July ——, 1909, attempting to convey to said Laura H. Ewing their interest in the land hereinafter described was and is without consideration and as to this plaintiff fraudulent, and it is now adjudged to be and held void; and further, that the plaintiff, Mrs. D. J. Milliken, as executrix of B. H. Milliken, deceased, by and through the levy of the execution described in the petition of date August, 1909, and by and through the subsequent sale under said levy at which the plaintiff was the purchaser, she acquired and now holds a lien upon

the undivided one-sixth interest each of Kate, Hampton and Bena Ewing, in and to 42 acres of land." * * * It was further adjudged that "said lien be enforced and said interest of Kate, Bena and Hampton Ewing in and to said land, to-wit: Each being an undivided one-sixth thereof, be sold or enough thereof to pay the above-mentioned debt, interest and cost.". From this judgment this appeal is prosecuted.

At the time this judgment was entered, Mrs. Laura H. Ewing had five children, namely, Kate, Bena, Hampton, Ida and Virginia; but, for reasons arising out of facts that do not concern the question here, the judgment only directed a sale of the interest of three of the children. It is evident from the judgment that the lower court was of the opinion that under the deed made by Feller in 1881 to Laura H. Ewing and her children, she took a joint interest with her children, and consequently she and the five children each owned an undivided one-sixth interest in the land, therefore, the one-sixth interest of Kate, Bena and Hampton was directed to be sold.

The real question in this case is, whether or not the deed made in July, 1909, by the children of Laura H. Ewing to her was a fraud upon the rights of Mrs. Milliken; and supplementary to this question is, what interest did Laura H. Ewing and her children take under the deed made by Feller. There is a good deal of evidence in the case tending to show that the purchase price for the land when it was bought from Feller was paid by Laura H. Ewing, and it is now the contention of counsel for appellants that the rights and equities of Mrs. Laura H. Ewing are superior to the rights and equities of Mrs. Milliken, because, as stated by counsel, the children of Laura H. Ewing had a right to do by the conveyance complained of what the law would have compelled them to do after they arrive at age. What rights Mrs. Milliken acquired by virtue of the execution, levy and sale, it is not important now to consider, as whatever rights she may have so secured, were merged in the judgment in her favor in this action. So that, without inquiring further into the status of Mrs. Milliken before the judgment herein was obtained, we will proceed to consider what rights she acquired by virtue of the judgment. Treating the case as we find it in the record, it is simply this: In June, 1909, Mrs. Milliken obtained a judgment against some of the Ewing children, who at that time had an in-

terest in the land afterwards conveyed to their mother that was subject to sale to satisfy the judgment. When Mrs. Milliken attempted to enforce the collection of this judgment by subjecting to its payment the interest of the judgment defendants in the land, they attempted to defeat the collection of the execution by conveying the interest they owned to their mother for the purpose as they averred of correcting a mistake that was made some 28 years before in the deed which conveyed to them an interest in the land. Mrs. Ewing testified that she paid for the land out of her own money, but whether she did so or not is not a matter of controlling importance. She also testifies that about a year after the deed was made, or in 1882, she discovered that the deed was made to her and her children. In other words, within a year after the deed was made, she discovered the mistake in its execution, if any, but no attempt was made to correct this mistake until after creditors of the children sought to subject their interest in the land, some 28 years after the deed was made. After the expiration of more than ten years from the time this Feller deed was made, Mrs. Ewing if she had brought a suit to correct it or reform it on the ground of mistake or fraud, would have been defeated by the statute of limitation if this defense had been relied on by the children. If she paid for the land, as she said she did, with her own money, she had the right to have it conveyed as it was, to herself and children, and as she knew it was so conveyed within a year after the conveyance was made, neither she nor her children should be allowed to defeat in the manner attempted the collection of a judgment debt against the children. At the time they made the deed to her in 1909, she could not have compelled them to do so, and their voluntary act in doing what she could not have compelled them to do was manifestly an attempt on their part to defeat the collection of the judgment in Mrs. Milliken's favor, and at least a constructive fraud on her rights that the court should and will correct by directing a sale of so much of the interest of Kate, Hampton and Bena Ewing in the 42 acres of land as may be necessary to satisfy the judgment in Mrs. Milliken's favor.

The only remaining question is, what interest did these children take under the Feller deed. As before stated, it is evident that the lower court was of the opinion that they took a joint estate with their mother; but in

So holding we think the lower court was in error, and that Laura H. Ewing took a life estate in the land, with remainder to her children. McFarland v. Hatchett, 118 Ky., 423; Hall v. Wright, 121 Ky., 16; Salyer v. Johnson, 32 Ky. L. R., 710. Having this view of the proper construction of the Feller deed, Mrs. Laura H. Ewing had a life interest in the land that could not be but was to the extent at least of three-sixths ordered to be sold to satisfy the judgment in Mrs. Milliken's favor. For this error the judgment must be reversed, with directions to enter a judgment ordering the sale of the one-fifth interest in remainder of Kate, Bena and Hampton Ewing, subject to the life estate of Mrs. Laura H. Ewing; and it is so ordered.