## Kline, et al. v. Kennedy, et al.

(Decided November 26, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Contracts.—Evidence examined and held not sufficient to authorize the rescission of a contract at the instance of the vendees.

WM. McKEE DUNCAN for appellants.

A. C. RUCKER, PAUL B. COLLINS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On July 7, 1909, the appellee, Mary F. Kennedy, sold, by executory contract, a house and lot on Cliff avenue in Louisville, Ky., to the appellant, Anna Katherine Kline and her husband, Clarence E. Kline. The contract stipulated that the consideration was $2,-750, of which $300 was paid in cash and 190 notes of $20 each payable monthly, executed for the balance of the consideration. It also provided that when one-fourth of the consideration had been paid, Mrs. Kennedy should execute to the Klines a good deed to the property, retaining a lien for the unpaid purchase money. The contract further provided that until the purchase price was paid the Klines were to hold the property as tenants at a monthly rental equal to the amount of the monthly payments, and that if they failed to perform any of the conditions of the contract, Mrs. Kennedy had the right to declare the same canceled and retain whatever may have been paid, as compensation for rent.

Upon the execution of this contract the Klines took possession of the property, and remained in possession until July, 1910, when they abandoned the premises and brought this suit for a cancellation and rescission of the contract, and for a recovery of the $300 cash payment made, the $200 paid in monthly installments, $300, the value of improvements put on the premises, and $79, the amount of taxes paid by them. They asked a rescission upon the ground that they were induced to purchase the property by false and fraudulent representations made to them and on which they relied that the lot had no objectionable features and no easements of any kind attached to it, and that the house was well built,

out of new and first-class material and rested on a first-class stone foundation, and that Cliff avenue, in front of the premises, extended to Beechwood on the east. They averred that previous to the sale the grantor had granted to adjacent property owners the right to discharge filth into a dry well in one corner of the lot, that the house was built in an unworkmanlike manner and out of inferior material and on an insecure and insufficient foundation, and that Cliff avenue terminated at or near the house. They prayed that the contract be adjudged to have been procured through fraud and misrepresentation of the defendants, and that the same be set aside, canceled and held for naught, and that they recover from the defendants the amounts before mentioned, and be adjudged to have a lien therefor upon the property, and for all proper relief.

The answer in one paragraph contained a denial of the affirmative averments of the petition, except as to the amount paid, and in another paragraph pleaded that the Klines, by remaining in possession of the premises and keeping the same for about a year, had estopped themselves from asking a rescission upon the ground of false representations concerning the condition of the property. In another paragraph they averred that the Klines, under the contract, were tenants, and that when they abandoned the premises and refused to comply with the terms of the contract all payments they had made were forfeited. They prayed that it be adjudged that Mrs. Kennedy was the owner of the house and not liable to the Klines in any sum for rent or improvements, and asked that the petition be dismissed.

The evidence for the appellants tended to support the averments of their petition, that the house was poorly constructed out of inferior material, and built on an insufficient foundation, and that there was a dry well in one corner of the lot, used by an adjacent property holder, from which bad odors arose. It was also shown that Cliff avenue stopped at or near the premises and did not run through to Beechwood, and that misleading statements concerning these matters were made to them by the vendor and his agents.

On the other hand, the evidence for the appellees conduced to show that the house, although not built altogether out of first-class material, was a well constructed house of the kind, and that no bad odors came from the dry well; that Cliff avenue did not run through

to Beechwood because it was not intended to. The evidence for the appellees also showed that no misrepresentations or false statements were made respecting the condition of the property.

It was further shown that in the summer of 1910 Charles Kline placed the property in the hands of a real estate agent, who, in company with Kline, inspected the property, and this agent testified that Kline, who at that time had been occupying the property for several months, did not make any statement to him indicating that the property was not in every respect desirable, or mention to him any of the defects or undesirable conditions that he complains about in this suit. The tenant who took possession of the premises after Kline vacated, and who had been living there something like a year before he gave testimony, at a rental of $25 a month, flatly contradicted the evidence of Kline and his witnesses upon every material point connected with the condition of the house and premises.

We agree with the lower court that the evidence was not sufficient to justify a rescission of the contract upon the grounds stated. The evidence is conflicting, but from a careful reading of the entire record we are of the opinion that the weight of it is with the appellees on the substantial issues made by the pleadings. The evidence for both parties shows that Cliff avenue did not run through to Beechwood, but we attach no importance to this feature of the case. The Klines carefully inspected the premises and the property before they purchased and could not help seeing that Cliff avenue ended near the house and did not run through to Beechwood. Having this knowledge of the extent of Cliff avenue, they cannot be heard to say that they were mislead by any statements with reference to it.

This being our conclusion, we will not attempt in any manner to adjudge the rights of the parties in the event of future litigation between them. As the suit for rescission must be dismissed, the status of the parties will be the same as if no suit had been brought. The answer of the appellees was made a counterclaim and they prayed to be adjudged the owners of the property, but the lower court did not pass on this feature of the case, nor will we, as no appeal or cross appeal was prayed from the judgment refusing to act on the counterclaim.

The judgment is affirmed.