## Scott, et al. v. Scott, et al.

(Decided December 8, 1916.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction—Estates Created—Estates for Life.—Under a deed from a husband to his wife "and her bodily heirs" by him, reciting that it is made in consideration of his love and affection for his wife and children, the term "bodily heirs" was evidently used synonymously with "children," and the deed must be construed as granting to the wife an estate for life with remainder to her children by the grantor.

2. Fraudulent Conveyances—Notice—Purchasers for Value—When Protected—Limitation.—A conveyance which is actually fraudulent as to the grantor's creditors is void as to subsequent purchasers for value from the grantor, such purchasers not being affected by either actual or constructive notice of the conveyance; and a conveyance which is merely voluntary and, therefore, only constructively fraudulent, is void as to such purchasers, unless they have actual notice of the conveyance, constructive notice not being sufficient to affect them. But the protection thus afforded to purchasers for value is only for a limited period, and whether the conveyance be actually or constructively fraudulent, the title of the grantee is perfect after the lapse of ten years, as any action to set aside such a conveyance is barred after that time; and a purchaser is then as much bound to take notice of the prior voluntary or fraudulent conveyance as if the grantee had been an innocent purchaser for value.

STATON & PINSON and O. A. STUMP for appellants.

CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Evin Scott owned a large boundary of　d in Pike county, which he divided among his children. Among those who received conveyances were Crit Scott and John W. Scott. On November 30th, 1891, Crit Scott conveyed his land to his wife, Pricy Scott, "and her bodily heirs by Crit Scott," the deed reciting "that the said party of the first part, for and in consideration of the sum of the love and affection that I have for my wife and children," etc. The deed was recorded on December 3rd, 1891. When the deed was made Crit Scott believed that he was about to be sued for slander, and he executed the conveyance to prevent the property from

being subjected to any judgment that might be rendered against him. After the deed was put to record the words "and her bodily heirs by Crit Scott" were erased, not only from the original deed itself, but from the deed as recorded. The word "their" before the words "heirs and assigns" in both the granting and habendum clauses was changed to "her." Exactly when and by whom these erasures and changes were made does not satisfactorily appear. On January 20th, 1902, Pricy Scott and her husband, Crit Scott, conveyed the same land to John W. Scott and Elizabeth Scott, his wife, by deed containing covenants of general warranty and purporting to convey the fee simple title. The consideration paid was $1,000.00.

Claiming to own the land as remainderman, subject to their mother's life estate, plaintiffs, Daisy Scott, Alice Scott, Mirtie Scott and Minerva Scott, children of Pricy Scott and Crit Scott, brought this suit against John W. Scott and his wife to quiet their title, to correct the deed under which they held and to enjoin future waste and recover damages for prior waste. The petition was dismissed on the ground that the conveyance from Crit Scott to his wife and children was voluntary and fraudulent, and that John W. Scott and his wife were bona fide purchasers for value without actual notice of the conveyance to Pricy Scott's children. The children appeal.

The first question to be determined is what estate, if any, did plaintiffs acquire in the land by virtue of the deed of November 30th, 1891? The rule that a conveyance to one and "her bodily heirs" or the "heirs of her body" creates an estate tail, which, by our statute, is converted into a fee, does not apply where there is something else in the deed from which a reasonable inference can be drawn that the words were used in a sense different from their legal or technical signification. In the conveyance under consideration, the party of the second part is Pricy Scott "and her bodily heirs by Crit Scott." The grant is to "the party of the second part, their heirs and assigns." The habendum clause is "unto the party of the second part, their heirs and assigns forever." Not only so, but the deed shows that it was made in consideration of the love and affection which the grantor had for his wife and children. It is apparent, therefore, from the other provisions of the deed, that the words "her bodily heirs by Crit Scott" were not

used in their technical sense, but were intended to be synonymous with children. In such a case, the words "her bodily heirs by Crit Scott" will be regarded as words of purchase and not of limitation, and the deed will be construed as if the word "children" was used in place of the words "her bodily heirs by Crit Scott." Bran v. Elzey, etc., 83 Ky. 440; Tucker, etc. v. Tucker, etc., 78 Ky. 503; Righter, etc. v. Forrester, etc., 1 Bush 278; Mitchell v. Simpson, 88 Ky. 125, 10 S. W. 372. Under such circumstances, the grantee will not take the entire fee, but whether she will take a joint estate with her children, or a life estate with remainder to her children, depends upon the relationship of the parties and the language of the deed. And where there is nothing in the deed to show a contrary intention, a conveyance from the husband to his wife and her children will vest the wife with a life estate and the children with the remainder. McFarland v. Hatchett, 118 Ky. 423, 80 S. W. 1185; Hall v. Wright, 121 Ky. 16, 87 S. W. 1129; Ewing v. Milliken, 148 Ky. 841, 147 S. W. 770; Virginia Iron, Coal & Coke Company v. Dye, 146 Ky. 524, 142 S. W. 1057; American National Bank v. Madison, 144 Ky. 156, 137 S. W. 1076, 38 L. R. A. (N. S.) 597. It follows that the chancellor properly held that under the deed in question Pricy Scott took a mere life estate and her children the remainder. That being true, it likewise follows that the deed from Pricy Scott and her husband to John W. Scott and his wife, though purporting to convey a fee simple, conveyed merely the life estate of Pricy Scott.

But it is insisted that as the deed from Crit Scott to his wife and children was not only voluntary but fraudulent, the rights of John W. Scott and his wife are not affected thereby, because they paid a valuable and adequate consideration for the land without actual notice of the fact of the prior conveyance to Pricy Scott's children. Under our statutes, a conveyance which is actually fraudulent as to the grantor's creditors is void as to subsequent purchasers for value, from the grantor, such purchasers not being affected by either actual or constructive notice of the conveyance; and a conveyance which is merely voluntary and, therefore, only constructively fraudulent, is void as to such purchasers, unless they have actual notice of the conveyance, constructive notice not being sufficient to affect them. Kentucky Stat-

utes, sections 1906 and 1907; Jones' Admr. v. Jenkins, 83 Ky. 391; Ward v. Thomas, 81 Ky. 452; Sewell v. Nelson, 113 Ky. 171, 67 S. W. 985. But the protection thus afforded to purchasers for value is only for a limited period, and whether the conveyance be actually or constructively fraudulent, the title of the grantee is perfect after the lapse of ten years, as any action to set aside such a conveyance is barred after that time; and a purchaser is then as much bound to take notice of the prior voluntary or fraudulent conveyance as if the grantee had been an innocent purchaser for value. Brown v. Connell, 85 Ky. 403. Here the defendants, John W. Scott and wife, purchased from Pricy Scott and her husband more than ten years after the alleged fraudulent conveyance was made by Crit Scott to his wife and children. Under the circumstances, it is unnecessary to determine whether the conveyance was actually fraudulent or only constructively fraudulent, or whether the defendants purchased with or without actual notice. Having bought the land more than ten years after the alleged fraudulent conveyance was made, they acquired no title by their purchase. It follows that plaintiffs are entitled to have the deed corrected and their title to the remainder interest in the land quieted.

In view of the state of the record and of the fact that such questions have not been passed on by the chancellor, we refrain at present from expressing any opinion on the liability of Pricy Scott and Crit Scott to the defendants, John W. Scott and wife, under their covenant of general warranty, or on the question of waste and improvements between plaintiffs and defendants, but it is best to remand the case, with directions to the chancellor to consider and pass on these questions after the parties have been given an opportunity to take further proof if they so desire.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.