## Baker, et al., By Guardian, Etc. v. Baker.

(Decided April 29, 1921.)

### Appeal from Hopkins Circuit Court.

1.   Deeds—Construction—Intention of Testator.—The cardinal rule for the interpretation of deeds is to ascertain the intention of the grantor from the language found in the deed as a whole and apply

that intention if it does not conflict with any positive rule of law, or of public policy.

2.  Deeds—Conveyance to One and His Children—Life Estates.— Nothing else appearing to the contrary in the deed, a conveyance to a named grantee and his children will be construed to create a life estate in the named grantee and a fee in remainder to the children.

3.  Life Estates—Abandonment—Rents—Apportionment—It is competent for a grantor to encumber an estate conveyed by his deed, whether it be one for life or one in fee, and if such encumbrance is one giving a personal right in and to the property conveyed, or one issuing out of it, and is one not forbidden by law, it will be enforced as an encumbrance upon the estate burdened with it; hence, where the remaindermen are the childrn of the life tenant, but they are given by express provision the right to occupy or or live in the premises during the life estate, the life tenant may not take his estate absolutely and free from the right of occupancy by the children, and if the life tenant abandons the premises and does not furnish a home for the children but rents the premises to a stranger while the children live elsewhere the rent should be divided equally between the life tenant and the children per capita.

H. F. S. BAILEY for appellants.

YOST & FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 12, 1915, E. S. Baker, executed and delivered a deed to a house and lot in Madisonville, Ky., the material parts of which bearing upon the questions involved in this controversy, are:

"This deed, between E. S. Baker, of Madisonville, Hopkins county, Ky., of the first part, and Stella Baker wife of S. J. Baker and her children by S. J. Baker of Madisonville, Hopkins county, Kentucky, of the second part.

"Witnesseth, that the said party of the first part in consideration of love and affection the party of the first part has this day bargained and sold and does by these presents sell, alien and convey unto the party of the second part the following described property, to-wit:   One certain lot or parcel of ground in the southwest part of Madisonville, Hopkins county, Ky., and bounded as follows: (Description).

"To have and to hold, the said lot of ground unto the said Stella Baker, wife of S. J. Baker, for and during

her natural life and at her death to go to her children by said S. J. Baker. It is a condition of this deed that S. J. Baker as husband of said Stella Baker shall have the right to use and occupy said lot as home with said Stella Baker and her said children, but the said lot shall not be or become in any wise subject to any debt or liability of said S. J. Baker now existing or that may hereafter be created and it shall not be mortgaged or incumbered in any wise for any such debt or liability, the intent of this deed being to secure a home for the said Stella Baker and her children by said S. J. Baker.

"To have and to hold the same to the second parties as above indicated with covenant of general warranty."

The grantor was a widower and was the father of S. J. Baker and it seems that all the parties at the time of the execution and delivery of the deed, and for some three years thereafter, jointly occupied the premises as a home. Some time in 1918 the wife (appellee, Stella Baker) obtained a divorce from her husband and afterwards moved to the state of Ohio, leaving her three infant children, all of whom are under the age of 14 years, in the custody of her husband and they occupied the house until a short while before the appellee, and plaintiff below, filed this action against her husband and her children, and the husband as guardian for the children, and against a tenant to whom the husband as such guardian had rented the place, seeking to recover the possession of it upon the ground that the deed conveyed to her absolutely and free from all encumbrances the property involved during her natural life. This contention was contested by the defendants and appellees, but the court on final submission construed the deed as contended for by plaintiff and adjudged that "Stella Baker, is the absolute owner of an estate for her life in the property described in the petition and is entitled to the immediate possession of the same, and it is further adjudged that the infant defendants above named own the remainder therein; it is further adjudged by the court that the said Stella Baker recover possession of said property from the defendants and her cost about this action expended and writ of possession is now awarded plaintiff on demand, and the defendant, Mack Gill is ordered and directed to pay plaintiff, through her attorneys the rents accumulated since the institution of this ac-

tion," etc. Complaining of that judgment defendants prosecute this appeal.

It is an elementary as well as fundamental rule in the construction of deeds, wills and other writings that the intention of the parties in executing them shall be given effect by the courts, provided that intention does not contravene. any positive rule of law or of public policy. It is equally elementary as well as fundamental, that in arriving at the intention of the parties who executed the writing under consideration, all parts of it must be considered and the intention to be gathered from the language of the whole instrument is the one which will be enforced. Some of the many cases from this court so holding are: Hall v. Wright, 121 Ky. 16; Ratliffe v. Ratliffe, 182 Ky. 230; Bain v. Tye, 160 Ky. 408; Spicer v. Spicer, 177 Ky. 400; Siler v. White Star Coal Co., 190 Ky. 7, and Wilson v. Woodward, 190 Ky. 326, and other cases referred to therein.

These rules are thus stated in the Ratliffe case: "It is a rule firmly fixed in this jurisdiction that deeds, wills and other instruments must be construed in accordance with the intention of the party who executed them, and such intention must be gathered not from any particular part or clause in the instrument, but by considering it in its entirety." The same cases further say that it is the especial duty of the courts to consult all parts of the deed, or writing under consideration, when it appears to be inartificially drawn and that in such case the old technical rules of the common law giving preference to certain clauses, parts or divisions of the writing will not be applied when from a consideration of the whole writing a different conclusion would be reached than the one if those rules were strictly adhered to.

In the case of Hall v. Wright, *supra,* in a well considered opinion by Judge Nunn we held that where the caption of a deed recited that the conveyance was to the named grantee "and his or her children" it will be presumed, in the absence of anything else appearing in the deed to the contrary, that it was the intention of the grantor to convey to the named grantee an estate for his or her life with remainder to the children of the named grantee. This same doctrine is held to apply to wills as well as deeds in the case of Eakins v. Eakins, 191 Ky. 61. Other cases so holding are: Ewing v. Milliken, 148 Ky. 836, and McFarland v. Hatchett, 118 Ky. 423. Still other

cases will be found in the opinions of those cited. But the grantor in the deed now before us, in the first habendum in the deed, placed the matter beyond controversy by the use of the language "unto the said Stella Baker wife of S. J. Baker for and during her natural life and at her death to go to her children by said S. J. Baker." So that the court was clearly correct in construing the deed to convey to the wife an estate for her life and at her death to her children by his son, S. J. Baker.

However, it is competent in creating any character of estate, whether it be absolute or one for life, to encumber or impose burdens upon it and to require that its enjoyment by the grantee or devisee shall be subject to such encumbrances or burdens, provided they do not contravene any rule of law or of public policy. To require that the occupancy of the estate granted or devised shall be jointly shared with and enjoyed by others who are named, or who are sufficiently designated as to be capable of identification, does not contravene any rule of law or of public policy. Turning now to the deed under consideration we find that a part of the language employed by the grantor (to which we must look, according to the rules, *supra,* in arriving at his intention) is the statement: "The intent of this deed being to secure a home for the said Stella Baker and her children by said S. J. Baker." Just preceding that statement and in the same paragraph it is stated that "It is a condition of this deed that S. J. Baker *as husband* of said Stella Baker shall have the right to use and occupy said lot as home with said Stella Baker *and her children."* There can be no doubt but that it was the intention of the grantor to confer upon the children of plaintiff by her husband (the son of the grantor) a joint right of occupancy of the premises conveyed with the grantee of the life estate, and that his son should also have such right "as husband." We would set at defiance all of the before mentioned rules if we did not conclude that as long as the marital relation existed between plaintiff and her husband he and the children possessed a joint right of occupancy of the premises with the plaintiff and that as to the children they could not be deprived of that right without their consent, at least as long as they were infants and were unmarried and having no family of their own. It appears that the wife in this case procured the divorce, but upon what grounds we are not informed, except that we may presume that, in as much as

she procured it, she was without fault, necessarily implying that the husband was in fault. By the procuring of the divorce through his fault he not only ceased to be husband of the plaintiff but he also forfeited his right to joint occupancy of the property with his wife during her life. The children, however, occupy a different position. They are still the infant children of plaintiff and, through no fault of their own, cannot be deprived of the right clearly given them by the deed. Under the judgment appealed from the plaintiff may bar the right of occupancy by her children throughout her natural life; indeed, she may sell her life estate to a stranger to the children, or rent the premises during the existence of her life estate and appropriate the rents to her sole use. This would be in the teeth of the expressed intention of the grantor, and the judgment is erroneous in so far as it divested the children of their rights in the property during the life of their mother, or until such time as they cease to be infants or assume family relations of their own; and also, in so far as it deprived them of their proportionate part of the rents while the property was being occupied by a renter and while they were deprived of the occupancy by no voluntary act of their own. As long as the property is so rented and occupied it is our conclusion that the plaintiff and the three children should share the net rent in equal proportions per capita, i. e., one-fourth to plaintiff and one-fourth to each of the three children; the husband, as we have seen, having forfeited his interest for the reasons indicated.

Upon a return of the case the court will modify the judgment to conform herewith and direct the tenant to pay the rent as indicated, but if no tenant can be found to occupy the property under such an arrangement, a receiver may be appointed to take charge of it, or the court may adopt any other method by the agreement of parties or otherwise so as to preserve the rights of the parties according to their respective interests as herein determined.

Wherefore the judgment is reversed with directions to enter one in accordance with the principles of this opinion.