## Ramey, et al. v. Ramey, et al.

(Decided September 22, 1922.)

### Appeal from Rowan Circuit Court.

1. Deeds—Construction of Written Instruments—Intention of Parties.—The primary rule applied without exception in the construction of written instruments, including real estate conveyances, is to ascertain the intention of the maker or makers and apply it if not repugnant to any rule of law; but the intention so applied is one to be gathered from the language of the instrument in the light of the circumstances of the parties and without doing violence thereto and not a secret unexpressed intention. Such intention, when so arrived at, will prevail over technical rules.

2. Deeds—The Word "Children"—Meaning of—Intention of Parties.—The word "children" in a conveyance is ordinarily a word of purchase and not one of limitation, but this rule is to be governed by the intention of the parties ascertained as above indicated.

3. Deeds—Deed of Gift—Construction.—A gift conveyance by a near relative to a parent and his or her children will, ordinarily, be construed as conveying a life interest to the parent with remainder to his or her children, but this rule is subject to be defeated by a contrary intention appearing.

4. Deeds—The Word "Children"—After-Born Children.—The word "children" in conveyances will ordinarily be construed to include after-born children unless a contrary intention appears. In this case the conveyance was to a mother "and her children, be they many or few," which clearly indicates that it was the intention of the grantor to include after-born children; and the deed being one of gift and executed by the grandfather to the granddaughter "and her children" is construed to convey a life interest to the mother with remainder to all the children, including those unborn at the time of its execution.

5. Deeds—Restraint Upon Alienation.—An attempted restraint upon alienation of a fee for the life of the vendee is null and void and will not be given effect.

J. W. RILEY for appellants.

D. B. CAUDILL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The only question presented for determination on this appeal is the proper construction of a deed executed by Warren Alderson to his granddaughter, the appellee, Cynthia Ramey, "and her children, be they many or few, parties of the second part," on July 9, 1901, conveying 400 acres of land located in Rowan county. At the time of the execution of the deed, Cynthia Ramey was the wife of John Ramey and she was then the mother of three living children. Since then there have been born to her six other children, and this action was filed by her and her husband against her nine children, some of whom are infants, to obtain a construction of the deed, and upon final submission the court adjudged that Mrs. Ramey took under the deed a life interest in the land and her nine living children and any who might thereafter be born, took the remainder in fee. The three children who were *in esse* at the time of the execution of the deed have appealed from that judgment, insisting (1), that none of their brothers and sisters born after the execution of the deed are entitled to any interest in the land, since, as they claim, its language manifests an intention on the part of the grantor to limit the beneficiaries thereunder to only the children of Mrs. Ramey who were living at the time and that it was not broad enough to include after-born children; and (2), that under the terms of the deed they took a present interest jointly with their mother and are entitled to the joint use and occupation of the land during her life.

The caption and granting clauses of the deed say:

"This deed of conveyance, made and entered into this the ninth day of July, 1901, between Warren Alderson, of the county of Rowan and state of Kentucky, party of the first part, and Cynthia Ramey, wife of John H. Ramey, and her children, be they many or few, of the county and state aforesaid, parties of the second part,

"Witnesseth: That the said parties of the first part, for and in consideration of the sum of one dollar, in hand paid, and other valuable consideration, do hereby sell and convey to the parties of the second part——— heirs and assigns, the following described property, to-wit:"

The habendum clause says: "To have and to hold the same together with all appurtenances thereunto belong-

ing unto the parties of the second part, their heirs and assigns forever, with covenant of general warranty.''

It has been so often declared by this and other courts that the one undeviating rule for the construction of deeds and other writings is to ascertain from their entire contents the intention of the maker or makers and to administer that intention unless violative of some public policy or against some rule of law, that we deem it unnecessary to cite cases in support thereof. There exists in the law many technical rules as aids to the courts in construing deeds and other muniments of title to real estate, but all of them surrender to the lawful intention of the maker or makers as gathered from the entire contents in the light of the surrounding conditions of the parties. The foregoing statements are so fundamental that we deem it unnecessary to encumber this opinion, or to consume time or space with a detailed consideration of the cases, and will content ourselves with only appending some of the many cases from this court in which the above principles of construction were recognized and applied. They are: Dinger v. Luken, 143 Ky. 850; May v. C. & O. Ry. Co., 184 Ky. 493; American National Bank v. Madison, 144 Ky. 152; Va. Iron, Coal & Coke Co. v. Dye, 146 Ky. 519; Rice v. Klette, 149 Ky. 787; Hunt v. Hunt, 154 Ky. 679; Duncan v. Medley, 160 Ky. 684; Justice v. Justice, 170 Ky. 423; Scott v. Scott, 172 Ky. 678; Edwards v. Cave, 150 Ky. 272; Wilson v. Woodward, 190 Ky. 326; Baker v. Baker, 191 Ky. 325, and many other cases referred to in those opinions.

Illustrating what this court has said, the opinion in the case of Bowe v. Richmond, 33 Ky. L. R. 173, quoted with approval from the one of Judge Kent in the case of Jackson v. Myers, 3 Johns, 388, 3 Am. Dec. 504, this statement: ''The intent, when apparent and not repugnant to any rule of law, will control technical terms; for the intent and not the words is the essence of every agreement. In the exposition of deeds the construction must be upon the view and comparison of the whole instrument, and with the endeavor to give every part of it meaning and effect.'' That statement of the law as applicable to the construction of written agreements, including deeds, was quoted with approval by this court in the American National Bank, and the Virginia Iron, Coal & Coke Company cases, *supra*, and there has been no effort since then to depart therefrom. An examination of the cases referred to will disclose that one of the

technical rules for the construction of writings transferring title to real estate, is that the word "children" appearing in the class of grantees, is a word of purchase and not one of limitation; but it will be found from the cases, *supra,* that this technical rule will surrender to the manifest intention of the parties as gathered from the entire instrument and their surroundings. Likewise it will be found that where the word "children" is construed to be one of purchase and not one of limitation, the character of the estate taken by them will be governed by the ascertained intention, *i. e.,* whether the children take a present joint interest between or among themselves and the other named grantee or grantees or whether their interest is deferred and to attach only to the remainder of the land after the termination of some preceding life estate.

In the Scott and Baker cases, *supra,* and many others referred to therein, it is shown that this court has adopted the rule of construction as applying to a deed or will made by a near relative to a named parent and his or her children as conveying a life interest to the named parent with remainder to his or her children; but this rule, like others, will surrender to a different intention as gathered according to the rules, *supra.* So that, in its last analysis, each case must depend largely upon its own peculiar facts, for, after all, that construction must be adopted which carries out the ascertained intention of the parties as gathered from the entire language of the instrument in the light of their surroundings, provided that intention is "not repugnant to any rule of law."

As we have seen, the deed in this case was one of gift and was executed by a grandfather to his granddaughter and her children as parties of the second part, and in the habendum the title is conveyed to, "the parties of the second part *their* heirs and assigns forever." There is nothing appearing from the deed or otherwise which would relieve the case from the application of the rule adopted in the Scott and Baker cases, *supra,* and others referred to therein, and we are therefore forced to the conclusion that it was the intention of the vendor to convey to Mrs. Ramey, his granddaughter, a life estate in the land with remainder to her children.

There appears, however, in the deed under consideration, immediately following the description of the land, a clause, which standing alone and wholly disconnected from other parts of the deed, is susceptible of the con-

struction that the only interest conveyed to the vendees was one for their respective lives, but we are convinced that it was inserted by the vendor in an effort to restrain the power of alienation by the vendees, for it is said therein that their interests "shall not be disposed of by them or any one of them, and shall not be liable for any debt, that they or any of them may contract, but shall be and remain for their use and benefit only, as long as they or any one of them may live, and if any one or more of them should bargain and sell their right, title and interest or any part thereof in and to the foregoing described land, he, she, or they shall thereby forfeit all the right, title and interest he or she may have in and to said land, and the same shall be equally divided among those who have not contracted or sold." The attempted restraint of alienation of the fee in remainder to the children during their lives is, however, null and void under the doctrine of the cases of Harkness v. Lisle, 132 Ky. 767; Kentland Coal and Coke Co. v. Keen, 168 Ky. 836, and others referred to therein, and no effect can be given thereto, but whether the attempted restraint would operate on the life interest of Mrs. Ramey, we need not and do not determine, since the question is not presented or involved in this record.

But, it is insisted by appellants that a proper construction of the deed excludes the after-born children of their mother from any interest in the land, which contention is so manifestly unsupported by reason or precedent that we need consume but little space in disposing of it. The general rule in this jurisdiction is that the word "children," as grantees, includes those thereafter born, unless a different intention appears from the language of the conveying instrument. Hall v. Wright, 121 Ky. 16; Barker v. Barker, 143 Ky. 66, and cases referred to therein. And this is especially so where the interest of the children is one in remainder. 18 C. J. 328 and numerous cases in the note. In this case nothing appears indicating a different intention. On the contrary, there is express language found in the deed indicating an intention to include after-born children, since the conveyance is made to Mrs. Ramey "and her children, *be they many or few,*" clearly indicating the purpose of the vendor to include all her children, both born and unborn, at the time of the execution of the deed. No other construction would comport with the law governing the construc-

tion of deeds, nor could any other be adopted in the light of the language employed.

The judgment conforming to the views herein expressed is therefore affirmed.