## Hicks v. Jewett, Trustee, etc., et al.

(Decided February 15, 1924.)

### Appeal from Harrison Circuit Court.

1. Deeds—Construction of the Word "Children."—Primarily and ordinarily the word "children" used in the granting clause of either a deed or will to a parent and his children is construed as one of purchase, and not of limitation, and vests the parent with a life estate with remainder to the children; but the entire instrument may be looked to, and, if from such a survey a different intention of the maker is to be gathered, that interpretation will be given it, and under some circumstances the word may be construed (dependent upon the intention) as one of limitation.

2.  Deeds—Deed Held to Convey to Widow Life Estate with Re-
    mainder to Children.—A deed naming widow and children of cer-
    tain decedent as parties of the second part, and containing the
    habendum clause, the widow and children to have and to hold
    the land as widow and children of the decedent, held to give the
    widow a life estate with remainder to children.

3.  Deeds—Extraneous Circumstances Not Resorted to in Construc-
    tion of Deed.—In construing a deed using the word "children,"
    the court cannot resort to extraneous circumstances to aid it.

4.  Deeds—Deed to Widow Might be Made to Fit Circumstances.—
    Where one since deceased contracted to purchase land, but paid
    nothing on it, and his widow was confronted with the alternative
    of surrendering the place or paying for it and living upon it, and
    she chose the latter, it was permissible to make the terms of the
    deed fit the circumstances and conditions, so as to give her a
    life estate with remainder to her children.

TALBOTT & WHITLEY and W. S. CASON for appellant.

HANSON PETERSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In December, 1891, James J. Hicks died intestate
and a resident of Harrison county. Prior thereto he had
contracted to purchase from J. A. Penn a tract of land
in the same county containing 256.70 acres, and moved
thereon with his family without procuring a deed, which
had not been done at the time of his death. He agreed
to pay for the farm $12,835.00, one-third cash at the time
of the execution of the deed and the balance in equal de-
ferred payments due in one and two years respectively.
He neither owned nor held any sort of interest in any
other real estate, but he possessed something like $3,-
100.00 of personalty after expenses of administration
and allotment of his widow's distributable share. His
family consisted of his surviving widow and nine chil-
dren, all of whom were infants except two at the time of
his death. After then the widow concluded to remain
upon the farm, and to undertake to pay for it, using her
distributable share and perhaps some of the personalty
belonging to the heirs to make the first cash payment.
Penn and his wife executed a deed after the death of
James J. Hicks, in which they appear as parties of the
first part "and the widow and children of the said de-
cedent, James J. Hicks, of the county of Harrison and
state of Kentucky as parties of the second part." The
habendum reads: "To have and to hold the said land

unto the said second parties together with all and singular the privileges and appurtenances thereunto belonging unto the said second parties as widow and children of said James J. Hicks deceased their heirs and assigns forever, with covenants of general warranty.'' One of the deferred payments was made, in part, by a sale of 63 acres of the land under some kind of court proceeding and the balance of the deferred payments were made from earnings from the operation of the farm by Mrs. Hicks and her children living with her. On February 27, 1907, one of the heirs, Arthur M. Hicks, sold his undivided interest in the remaining portion of the tract to his two brothers, Harry and Preston Hicks, and in that deed it is recited ''not including dower right of Susan Hicks.'' In 1921, Arthur Hicks, Harry Hicks and two other children of the decedent, Bessie Hicks and Ida Hicks, became bankrupts, and appellee and plaintiff below, C. M. Jewett, was duly elected trustee of the bankrupt estates of Harry, Bessie and Ida Hicks, while W. W. Van Deren was elected trustee of the bankrupt estate of Arthur M. Hicks.

This equity action was filed by Jewett, as trustee for his bankrupts, in the Harrison circuit court to obtain a construction of the deed and a determination of the interest in the remaining portion of the land of his bankrupts, and he made all interested persons parties defendant, including the trustee of Arthur M. Hicks. The latter filed an answer claiming that the deed of his bankrupt in 1907 to a one-ninth interest in remainder did not convey any of his interest in the dower to be assigned to the widow, Susan Hicks, upon the ground that the deed by his bankrupt to his two brothers *expressly excluded* that remainder interest. Each of the pleadings of the trustees contended that Mrs. Hicks, under the deed, was entitled to only a dower interest in the land, which would be one-third of it for her life. In her pleadings she contended that a proper construction of the deed gave to her a life interest in the whole tract, but she also contended that if such construction was not given to the deed that she then be adjudged a lien for the purchase money which she had paid, or for the improvements put upon the land during her occupancy of it; but the pleading containing the last two contentions was objected to and the court declined to permit it to be filed and it was made a part of the record by an order of court and is before us on this appeal.

The court adjudged the widow entitled to only a dower interest in the land and ordered it laid off by commissioners and that the remaining portion of the tract be divided in kind in proportion to the respective interests of the children, and also adjudged the widow the absolute owner of a one-ninth interest in the entire tract which she inherited from one of her deceased children who died intestate and without descendants. It was also adjudged that the deed executed by Arthur M. Hicks to his two brothers conveyed his entire interest in the land, including that in remainder in the dower. From that judgment the widow prosecutes this appeal, making a number of contentions, the chief one of which is that a proper construction of the Penn deed entitles her to a life interest in the whole tract, and if that be the true construction it will be unnecessary to consider any of her other contentions.

Primarily and ordinarily the word "children," used in the granting clause of either a deed or will to a parent and his or her children, is construed as one of purchase and not of limitation, and vests the parent with a life estate with remainder to the children; but the entire instrument may be looked to, and if from such a survey a different intention of the maker is to be gathered, that interpretation will be given it, and under some circumstances the word may be construed (dependent upon the intention) as one of limitation. McFarland v. Hatchett, 118 Ky. 423; Wilson v. Shumate, 130 Ky. 663; Edwards v. Cave, 150 Ky. 272, and other cases cited on page 507 of Caldwell's Kentucky Judicial Dictionary. In some of the cases some significance is given to the word "forever" following the word "children," as will be seen from the cases, *supra*, and that of Hays v. Hays, 150 Ky. 729. The general and primary rule above stated has been adopted by this court in many cases, some of which are Harkness v. Lisle, 132 Ky. 767; Rice v. Klette, 149 Ky. 787; Salyer v. Johnson, 32 Ky. L. R. 709; Ewing v. Millikin, 148 Ky. 837; Eakins v. Eakins, 191 Ky. 61, and Baker v. Baker, idem 325.

The deed in the Ewing case was not executed by a parent or near relative and was "To Laura H. Ewing and her children;" and the opinion said: "The only remaining question is, what interest did these children take under the Feller deed? As before stated, it is evident that the lower court was of the opinion that they took a joint estate with their mother; but in so holding we think

the lower court was in error, and that Laura H. Ewing took a life estate in the land, with remainder to her children. McFarland v. Hatchett, 118 Ky. 423; Hall v. Wright, 121 Ky. 16; Salyer v. Johnson, 32 Ky. L. R. 710.'' The involved deed in the Salyer case was executed by the same character of vendor and contained the same language, and the court gave to it the same construction as was done in the Ewing case. The doctrine of the domestic cases will be found to embody the general law upon the subject as will be seen from the text of 28 R. C. L. 250.

There is nothing found in the deed under consideration to indicate that the word ''children,'' as used therein, as parties grantee, should be given a different interpretation than is done under the primary rule above referred to; and, following it, we must necessarily conclude that there was conveyed thereunder to Mrs. Hicks a life estate in the entire tract with remainder to her children, unless that construction should be controlled by extraneous circumstances, as is contended by appellees. Those circumstances, or rather the circumstance, so controlling the construction as contended, is the fact that Mr. Hicks had agreed to purchase the land before his death, and that the execution of the deed after his death was but the carrying out of that contract. In the first place, the cases, *supra,* do not authorize a resort to extraneous circumstances to aid in the construction of the instrument, but if it were otherwise and it was permissible to do so, then another circumstance or circumstances might likewise be resorted to for the same purpose. In this record it appears that Mr. Hicks at the time of his death had paid nothing on the land and died possessed of a comparatively small amount of property, and left surviving him a large family to be reared and supported. The widow was confronted with the alternative of surrendering the place or paying for it and living upon it. She chose the latter, and in doing so we are convinced that the terms of the deed might be made to fit the circumstances and conditions. Pursuant thereto the conveyance was made so as, under the rule of construction, to give her a life estate in the conveyed land with remainder to her children. But whether she was authorized to do that or not, it does not appear that by so doing she violated any terms of the contract made by her husband, since it is neither filed with the record, nor is there any allegation of its contents. Neither is there any effort, by either

pleading or proof, to reform the deed to correspond with the terms of any alleged purchase made by the husband, and we are left with only its contents as our guide in arriving at its true interpretation. Under the authorities, *supra,* we feel compelled to hold that the court erred in adjudging to the widow only a dower interest in the land, since it is our opinion the deed conveyed to her a life interest in all of it.

The above conclusion renders it unnecessary to review that portion of the judgment construing the deed from Arthur M. Hicks to his two brothers, even if that question was before us, which it is not, because neither he nor his trustee are drawing it in question on this appeal.

Wherefore, the judgment is reversed with directions to enter one giving to appellant, Mrs. Hicks, a life estate in the entire tract and for other proceedings consistent with this opinion.