# McGuire v. Commonwealth.

(Decided December 16, 1924.)

## Appeal from McCracken Circuit Court.

1. Criminal Law—New Trial on Ground of Surprise at Change in Officer's Testimony on Trial de Novo in Circuit Court Held Unwarranted.—Where officer testified in police court that he did not see whiskey in defendant's automobile until he returned from police station after defendant's arrest, but on trial de novo in circuit court testified that he saw the liquor in the automobile before defendant's arrest, held such change in testimony did not warrant new trial on ground of surprise.

2. Indictment and Information—Prosecution for Violation of Rash-Gullion Act May be by Warrant.—Prosecution for violation of the Rash-Gullion Act may be instituted and carried on by warrant.

NICHOLS & NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant McGuire, and another, both young men, drove into Paducah in a Ford coupe and parked in front of a restaurant. When they left the car and started into the restaurant police officers observed that they were under the influence of intoxicating liquors. They watched appellant and his companion while they were in the restaurant and when they returned to the car and continued to act like drunken persons, the police officers arrested them and carried them to prison. The boys admit they had been drinking. When the officers returned to the car they found concealed in it a quantity of moonshine whiskey. Thereafter appellant McGuire was accused by warrant in the police court of the city of the offense of having in possession intoxicating liquors in violation of the Rash-Gullion Act and a trial in the police court resulted in his conviction, his punishment being fixed at a fine of $100.00 and thirty days in jail. From the judgment of the police court he appealed to the McCracken circuit court, where a trial de novo was had, a verdict of guilty being returned, fixing his punishment at a fine of $100.00 and thirty days in jail. From that judgment he prosecutes an appeal to this court.

In his motion and grounds for a new trial he set forth that patrolman R. Jones, a witness for the Commonwealth, testified on the trial in the circuit court that he saw a jar of liquor in the automobile before the arrest of this defendant and his companion, Van Kelley, while the said Jones testified at the trial of this case in the police court that he did not see the jar of whiskey in the automobile at the time of the arrest and did not see it until after he returned from the police station. The defendant states that "the change in the testimony of the witness Patrolman R. Jones is a surprise to him and that he had no information before the trial today that said patrolman R. Jones intended to testify differently on the trial of this case today."

It is admitted that the other police officer testified on the trial in the police court that he saw the liquor in the car of appellant at the time appellant was arrested. Appellant denied he was guilty of having in possession intoxicating liquors. The question at issue was whether the liquor was in the car and therefore in the possession of appellant, McGuire. The burden was on the Com-

monwealth to prove beyond a reasonable doubt that the liquor was in the possession of McGuire. As McGuire had been convicted in the police court of that offense upon the evidence produced by the Commonwealth he must have expected that the Commonwealth would attempt to again establish that fact by evidence. He could not, therefore, have been surprised that the Commonwealth introduced such evidence.

It is the contention of the Commonwealth that Patrolman Jones did not change his testimony on the trial in the circuit court. However that may be, we can see no sound reason for holding, as contended by appellant, that a new trial should have been granted on the ground of unavoidable casualty or surprise. There is no merit in this contention.

Appellant devotes quite a lot of space in his brief to an argument to prove that a prosecution for the offense of possessing intoxicating liquors in violation of law cannot be carried on by warrant as in this case. We held in the recent case of Hubbard v. Dorr, 204 Ky. 222, that a prosecution for a violation of the Rash-Gullion Act may be instituted and carried on by warrant. Lakes v. Goodloe, 195 Ky. 240. We further held that the case of the Commonwealth v. Lay, 202 Ky. 63, does not declare a contrary rule. See also Ragland v. Commonwealth, 204 Ky. 598.

Finding no error to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.