## Johnson et al. v. Johnson et al.

September 30, 1949.

Rehearing denied December 8, 1949.

592

Auxier, Baird & Hays and Frank P. Hall for appellants.

J. E. Childers for appellees.

JUDGE LATIMER—Reversing.

Appellants instituted this action seeking partition of real estate and sale of timber thereon on the ground of indivisibility. The more specific question is whether or not Mary Johnson, one of the appellees, has a life estate in all or only a part of the property involved.

We have before us three family deeds. The property under controversy here was at one time owned by Silas Johnson, deceased. It is composed of five tracts and described in appellants' petition as tracts 1, 2, 3, 4, and 5. Silas Johnson was twice married. By his first wife, who died sometime prior to 1917, he had 8 children. None of these children, or their heirs, are involved in this litigation. After his first wife's death, Silas Johnson was married to appellee, Mary Johnson, who is his surviving widow. By his second wife he had 5 children, all of whom are parties to this action.

In 1917 Silas Johnson made deeds of his property to each of his first children, retaining to himself the property described in the petition as tracts 2, 3, and 4. He conveyed tract 1 to Annie Johnson and tract 5 to H. R. Johnson. Those deeds were executed on June 13, 1917. On the same date, for some reason or other, the children executed a deed conveying all their interest in the property known as tracts 2, 3, and 4, to Silas Johnson "and his heirs by his second wife, Mary Johnson."

On the 24th day of November 1917, Annie Johnson and her husband, Willie Johnson, for a consideration of $3500 conveyed tract 1 back to Silas Johnson. The granting and habendum clauses read respectively: "do hereby sell and convey to the party of the second part,

his heirs, by Mary Johnson and assigns,'' and ''To have and to hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part, his heirs and assigns forever.''

Tract 5 was reconveyed by H. R. Johnson and his wife, Cordelia Johnson, to Silas Johnson on November 22, 1919, for a consideration of $7109.00. The recital, designating the parties, reads: ''This deed between H. R. Johnson and Cordelia Johnson, of Ashland, Ky., parties of the first part, and Silas Johnson and his heirs by Mary Johnson, second wife, parties of the second part of Pike Co., Ky.''

The granting clause reads: ''* * * do hereby sell, grant and convey to the party of the second part his above named heirs, * * *.''

The habendum clause reads: ''To have and to hold the same with all the rights, privileges and appurtenances thereunto belonging, or in any wise appertaining unto the second party and heirs above mentioned forever, with covenants of general warranty.''

On January 3, 1928, Silas Johnson and his wife, Mary Johnson, undertook to convey by deed all five of the tracts to ''the children of Silas Johnson by his present wife, Mary Johnson,'' reserving a life estate in same to Silas Johnson and Mary Johnson in the following language: ''First parties reserve the use of said lands for and during the lifetime of the parties of the first part.''

Two of the children by this second marriage, namely, Cecil Henry Johnson, and Claria Johnson, brought this action seeking a sale of the timber for indivisibility and a partition of the surface of all five tracts among the five children. Mary Johnson, widow of Silas Johnson, also made a party defendant, asserted a life interest in all five tracts and opposed the relief sought in the petition.

Admittedly, the surface can be divided but the timber on these tracts cannot be without prejudicing the rights of the other children. The court below adjudged that Mary Johnson, widow of Silas Johnson, had a life estate in all five tracts and that none of the land could be partitioned or the timber sold during her lifetime

without her consent. From that judgment this appeal is prosecuted.

While appellants alleged in their petition that they were entitled to a partition of all five of the tracts and to a sale of the timber for indivisibility, in their brief before us they admit the evidence shows that Silas Johnson had never parted title to tracts 2, 3, and 4, and concede that as to these three tracts, Mary Johnson has a life estate in them. But, it is contended that Silas Johnson had only a life estate in tracts 1 and 5 by virtue of the two deeds above, and, therefore, could not convey or create a greater estate therein than he had.

Appellees contend that by virtue of the January 3, 1928 deed, wherein Silas Johnson and Mary Johnson reserved a life estate unto themselves, Mary Johnson obtained a life estate in all five tracts.

We shall consider first the questions raised by appellees. They insist first that the deeds from Silas Johnson to his children of the first marriage are void because they were conveyances of an expectancy. Even a superficial observation of the deeds dissipates any such contention. Had the children undertaken to convey by deed the land they expected to inherit from their father, then we would have such a deed. But that is not at all the case here.

It is next contended that the land cannot be sold because Mary Johnson has a life estate in the whole thereof. That is the very point in issue. Appellants are undertaking to show that she has a life estate in less than the whole in order to obtain a partition and sale of the timber on the ground of indivisibility.

It is further contended by appellees that appellants' acceptance of the deed of 1928, wherein the life estates were preserved, and which was inconsistent with the previous deeds to them to the same property, in effect rescinds the previous deeds. The principle as laid down in Reid v. Reid, 230 Ky. 835, 20 S. W. 2d 1015, and relied upon by appellees, is not applicable here. Appellants are merely undertaking to establish exactly what was conveyed under the "reservation" deed of 1928, and at the same time insisting that they are the owners

in fee simple of tracts 1 and 5 by reason of the two former deeds.

It is lastly contended by appellees that appellants are estopped to claim the land because the father had given them bank stock or land in excess of the value of the life estate of Mary Johnson. The rule which appellees attempt to invoke here has no applicability.

We now consider appellants' contentions. Appellants having conceded that Mary Johnson does have a life interest in tracts 2, 3, and 4, we need then only look to tracts 1 and 5. The first task then is to determine what interest Silas Johnson acquired by the conveyance of tracts 1 and 5 by virtue of the two deeds above, and what estate the heirs of Silas Johnson, by his second wife, acquired by the same two deeds. If by the two deeds Silas Johnson obtained only a life interest in tracts 1 and 5 with a vested remainder in fee to his children by his second wife, Mary Johnson, then the contention of appellants must prevail. Even if it created in Silas Johnson, and his heirs by Mary Johnson, a joint interest in the land, still appellees would be in no better position, since Mary Johnson would not have a life interest in that ½ undivided interest going to the children by this second marriage. It is very clear that the interest obtained was either a life estate to Silas Johnson with a vested remainder in fee to his children by his second wife, or an undivided interest jointly to Silas Johnson and his children by his second wife.

The rule of construction which controls like or similar instruments may be found in Ramey et al. v. Ramey et al., 195 Ky. 673, 243 S. W. 934, 936, wherein it was said:

"An examination of the cases referred to will disclose that one of the technical rules for the construction of writings transferring title to real estate, is that the word 'children,' appearing in the class of grantees, is a word of purchase, and not one of limitation; but it will be found, from the cases supra, that this technical rule will surrender to the manifest intention of the parties, as gathered from the entire instrument and their surroundings. Likewise it will be found that, where the word 'children' is construed to be one of purchase, and not one of limitation, the character of estate taken

by them will be governed by the ascertained intention; i. e., whether the children take a present joint interest between or among themselves and the other named grantee or grantees, or whether their interest is deferred, and to attach only to the remainder of the land after the termination of some preceding life estate.

"In the Scott (Scott v. Scott, 172 Ky. 658, 190 S. W. 143) and Baker (Baker v. Baker, 191 Ky. 325, 230 S. W. 293) Cases, supra, and many others referred to therein, it is shown that this court has adopted the rule of construction, as applying to a deed or will made by a near relative to a named parent and his or her children, as conveying a life interest to the named parent, with remainder to his or her children; but this rule, like others, will surrender to a different intention, as gathered according to the rules, supra. So that, in its last analysis, every case must depend largely upon its own peculiar facts, for, after all, that construction must be adopted which carries out the ascertained intention of the parties as gathered from the entire language of the instrument in the light of their surroundings, provided that intention is 'not repugnant to any rule of law.'" See also Scott v. Scott, 172 Ky. 658, 190 S. W. 143, and Fletcher et al. v. Tyler et al., 92 Ky. 145, 17 S. W. 282, 36 Am. Rep. 584.

It is noted that at the time the deeds reconveying tracts 1 and 5 were executed, some of the children by this second marriage had not been born. Obviously, it was not the intent to make unborn children joint owners of the property.

Applying the above adopted rule of construction, we conclude that Silas Johnson had only a life estate in tracts 1 and 5. It follows then that he cannot create a greater estate than he had. Consequently, the reservation of a life estate in the tracts to his wife, Mary Johnson, was of no effect, since it would be an enlargement of the estate he had.

We conclude, therefore, that the chancellor erred in holding that appellee, Mary Johnson, had a life estate in all of the tracts numbered 1 to 5 as set out and described in the petition, and that same could not be legally partitioned or the timber thereon sold during her lifetime without her consent.

The judgment is reversed with directions to enter judgment consistent herewith.